[Civ. No. 4685. Fourth Dist. Mar. 24, 1954.]

ALICE DeMELLO, Respondent, v. JOHN DeMELLO, Appellant.

Lewis, Field & DeGoff for Appellant.

McKinney & Ballantyne and Russell R. McKinney for Respondent.

MUSSELL, J.—This is an appeal from an order denying defendant's motion to set aside his default and judgment rendered thereon in a separate maintenance action. The motion was made upon the ground that said default was taken against said defendant through his mistake, inadvertence, surprise and excusable neglect.

On July 22, 1952, plaintiff filed a separate maintenance action against defendant and a copy of the summons and complaint, together with an order to show cause was served upon defendant on the following day. Apparently the hearing on the order to show cause was continued three times and then went off calendar on August 25, 1952. On September 2, 1952, the parties entered into a property settlement agreement settling their property rights and providing for the custody and support of their minor child subject to confirmation by order of court. Plaintiff waived her right to support and alimony and it was agreed that in any suit between the parties for divorce or separate maintenance

each party waived all claims or demands against the other for alimony, support money, court costs, attorneys' fees and all other charges. Defendant did not enter an appearance in the action for separate maintenance and on October 22, 1952, filed an action in the same court for divorce against plaintiff. The respondent states in her brief that this action was filed on November 21, 1952. However, the affidavit of merits filed by defendant, which is the only evidence before us in this connection, is that the filing date of said action was October 22, 1952. Apparently plaintiff Alice DeMello was served with a copy of the summons and complaint in the divorce action on November 26, 1952. On November 24, 1952, defendant's default having been entered, a hearing was had in the separate maintenance action, at which time evidence was presented by plaintiff and she secured a decree authorizing her to live separate and apart from defendant, approving the property settlement agreement and providing for the custody and support of the minor child as agreed therein. There is no indication in the reporter's transcript of said hearing that the trial court was informed that the divorce action had been filed by defendant.

On May 8, 1953, defendant filed a notice of motion to set aside his default and filed therewith and in support thereof an affidavit of merits, stating, among other matters, that he was served with a copy of summons and complaint in the separate maintenance action on or about July 23, 1952; that thereafter plaintiff, by and through her attorneys, agreed to keep defendant's time to plead open so that a property settlement agreement could be negotiated and executed, and the issues raised in plaintiff's complaint settled and disposed of on an amicable basis rather than by court action; that on or about September 2, 1952, the parties entered into a property settlement agreement which settled each and every claim for relief, for which plaintiff was praying in her complaint; that defendant was informed by his attorney, as well as by plaintiff's attorneys, that said property settlement agreement completely settled and disposed of the pending proceedings without further suit; that defendant believed that if either party sued for divorce or separate maintenance that such suit would be required to be maintained in a new and separate action and that he was informed and believed that the said action would be dismissed without prejudice to either party; that he was unaware that plaintiff planned to enter his default

on November 24, 1952, or at any time, or that plaintiff would apply to the court for a decree of separate maintenance; that plaintiff, therefore, filed his action for divorce on or about October 22, 1952; that plaintiff did not plead to the complaint therein until after she had entered defendant's default in the separate maintenance action, although she well knew at all times that defendant claimed to have a valid and substantial defense to her claims for separate maintenance and valid and substantial grounds for a divorce from her; that had he known that the separate maintenance action would not be dismissed, he would have filed a cross-complaint for divorce therein prior to the entry of his default; that he did not know until on or about February 17, 1953, that plaintiff had taken a default against him and had secured a decree of separate maintenance; that plaintiff refused to enter into a stipulation to set aside the default; that he has fully and fairly stated the case to his attorney and believes that he has a valid and substantial defense to plaintiff's action for separate maintenance upon the merits. The plaintiff failed to file an affidavit or other pleading in opposition to the motion and the foregoing statements in defendant's affidavit are not denied.

At the time of the hearing on the motion to set aside the defendant's default counsel appearing for plaintiff related a conversation he had that morning with Mr. McKinney, co-counsel, who was ill and unable to attend the hearing, in which Mr. McKinney stated as follows:

"Mr. McKinney said to me this morning over the telephone that in the beginning Mr. DeMello wanted Mrs. DeMello to drop the complaint for separate maintenance and to file an action for a divorce. This she refused to do. This was talked about a great deal between Mr. DeMello, Mrs. DeMello, Mr. Rush and Mr. McKinney. But at times she was standing on her separate maintenance suit. He said also that after entering into the property settlement agreement there was no statement made to Mr. DeMello or even to Mr. Rush that there was no further proceedings in the matter."

It does not appear that it was stipulated that this statement by Mr. McKinney was to be received in or considered as evidence in the case.

The trial court denied defendant's motion and defendant appeals from the order denying it on the ground that the court abused its discretion in denying his application for relief from default.

The application for relief from default having been made under the provisions of section 473 of the Code of Civil Procedure was addressed to the sound discretion of the trial court, and its ruling will not be interfered with by an appellate tribunal in the absence of a clear showing of abuse of such discretion. (*Proulx* v. *De Moti*, 106 Cal.App.2d 265, 269 [234 P.2d 1009].) It is the policy of the law that every case should be heard on its merits and the discretion of the trial court is to be exercised in conformity with the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. (*Brill* v. *Fox*, 211 Cal. 739, 743 [297 P. 25].) Section 473 of the Code of Civil Procedure is a remedial provision and is to be liberally construed so as to dispose of cases upon their substantial merits. (*Miller* v. *Republic Grocery, Inc.*, 110 Cal.App.2d 187, 194 [242 P.2d 396].) As was said in *Garcia* v. *Garcia*, 105 Cal.App.2d 289, 291 [233 P.2d 23], quoting from *Hambrick* v. *Hambrick*, 77 Cal.App.2d 372, 377 [175 P.2d 269] :

" 'As has been said repeatedly: ". . . An appellate court, owing to the remedial character of the statute and the policy of applying it liberally to permit an opportunity to present a substantial defense, listens more readily to an appeal from an order denying relief than to one granting relief. . . .'' (Citing cases.)

" 'Even in a case where the showing under section 473 is not strong, or where there is any doubt as to the setting aside of a default, such doubt should be resolved in favor of the application (14 Cal.Jur. p. 1076.)' (See, also, *McBlain* v. *McBlain*, 77 Cal. 507, 509 [20 P. 61] ; *Wadsworth* v. *Wadsworth*, 81 Cal. 182, 183 [22 P. 648, 15 Am.St.Rep. 38] ; *Landon* v. *Landon*, 74 Cal.App.2d 954, 958 [169 P.2d 980.)''

It was further stated therein that:

"It has been held that a default judgment by which a marriage is dissolved, property rights lost, character assailed, and children of tender years taken away from a parent, as is the case here, is a harsh judgment and should, upon proper application, be vacated without hesitation; failure to do so constitutes an abuse of discretion. (*Mulkey* v. *Mulkey*, 100 Cal. 91 [34 P. 621] ; *Rehfuss* v. *Rehfuss*, 169 Cal. 86, 89-90-91 [145 P. 1020] ; *Landon* v. *Landon*, 74 Cal.App.2d 954, 958 [169 P.2d 980].)''

In the instant case the default of defendant in the separate maintenance action was not entered until after the filing of the divorce complaint, the filing of which indicates

that defendant believed, as stated in his affidavit, that he was not required to answer plaintiff's complaint; that the case had been settled and that if either party desired further or additional relief, it was to be obtained by a new and separate action. No counteraffidavits were filed by plaintiff in opposition to defendant's motion and there is no denial of the statement in his affidavit of merits that plaintiff "agreed to keep defendant's time to plead open so that a property settlement agreement could be negotiated and executed, and the issues raised in plaintiff's complaint settled and disposed of on an amicable basis rather than by court action." In view of the undisputed statements in defendant's affidavit of merits and the rules announced in the cases cited herein, we conclude that the default of defendant in the separate maintenance action should be set aside; that the action should be tried on the merits and that the trial court abused its discretion in denying defendant's motion.

It is argued that defendant failed to exercise due diligence in presenting his motion and in this connection cites *Wolff & Co.* v. *Canadian Pac. Ry. Co.*, 89 Cal. 332, 337 [26 P. 825], where it is said:

"The question as to what is a reasonable time, short of the extreme limit of six months allowed by this section, must depend upon the circumstances of the particular case, all of which should be considered by the court."

And *W. J. Somers Co.* v. *Smith*, 50 Cal.App. 420, 421 [195 P. 462], stating:

"A prime requisite for relief under the provisions of section 473 of the Code of Civil Procedure is that the party claiming injury from mistake, inadvertence, surprise, or excusable neglect shall show, affirmatively, diligence on his own part after discovery of the facts."

However, the following statement appears in defendant's affidavit:

"Defendant did not know, until on or about February 17, 1953, that plaintiff had taken a default against him, and had secured a decree of separate maintenance in the above entitled action; that thereafter defendant, through his attorneys, Lewis, Field and DeGoff, in San Francisco, California, requested plaintiff's attorneys to stipulate to set aside said default; that on or about March 27, 1953, plaintiff, by and through her attorneys, notified defendant and his attorneys, that she refused to enter into such a stipulation; that thereafter defendant's said attorneys requested copies of the com-

plaint, decree of separate maintenance and property settlement agreement in the above entitled action, from plaintiff's attorneys, so that steps could be initiated to set aside defendant's default; that on or about April 10, 1953, defendant's said attorneys for the first time received such copies, and immediately commenced the preparation of this instant motion to set aside defendant's default."

This statement is not contradicted or denied and is a sufficient showing of diligence on the part of the defendant.

The order denying the motion to set aside the default and judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.