[No. B005219. Second Dist., Div. Six. July 18, 1985.]

NORMA FARRANT, Plaintiff and Appellant, v.
CASAS DE LA SENDA HOMEOWNERS ASSOCIATION, INC. et al.,
Defendants and Respondents.

**COUNSEL**

Richard M. Foster and Charles L. McCutchan for Plaintiff and Appellant.

Alan E. Wisotsky and J. Jane Fox for Defendants and Respondents.

**OPINION**

**STONE, P. J.**—The sole issue herein is whether the trial court abused its discretion when it granted respondents' motion to dismiss pursuant to Code of Civil Procedure section 583, subdivision (a).[1] We find it did not and affirm the judgment of dismissal.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Relevant facts follow: April 14, 1980, appellant filed a complaint for "Breach of Restrictive Covenants, Negligence, Damages and Permanent Injunction" in propria persona and served summons and complaint on Casas de la Senda Homeowners Association April 22, 1980. Respondents filed their answer May 16, 1980, and noticed appellant's deposition of June 2, 1980.

January 26, 1981, respondents filed a motion for judgment on the pleadings. Three days later, appellant substituted Attorney Robert Raupp as her attorney of record and February 19, 1981, the trial court granted respondents' motion as well as her motion to amend the complaint.

March 23, 1981, appellant filed a first amended complaint for damages for "Breach of Contract, Negligence and Negligent and Intentional Infliction of Emotional Distress." April 22, 1981, respondents filed a demurrer and motion to strike, both of which were granted May 14, 1981. Appellant filed a second amended complaint June 15, 1981, to which respondents demurred and moved to strike. August 6, 1981, the trial court sustained the demurrer for uncertainty concerning the first and third causes of action. September 4, 1981, appellant filed a third amended complaint, which respondents answered October 20, 1981.

After these initial skirmishes in the law and motion department concerning the pleadings, dust settled on the battlefield until December 13, 1982, when appellant sent respondent a statutory offer to compromise the action for $30,000 pursuant to Code of Civil Procedure section 998. Respondents rejected her offer December 22, 1982, and made a counteroffer of $1,700. Then followed a long, profound silence.

January 10, 1984, respondents filed a motion to dismiss pursuant to Code of Civil Procedure section 583, subdivision (a). Twenty-eight days later, appellant filed an at-issue memorandum to which respondents filed a counter-at-issue memorandum stating that the case was not at issue since the plaintiff had not defined theories of liability, there was a pending motion to dismiss, and no discovery had been commenced by plaintiff.

February 22, 1984, 43 days after service of respondents' motion and 28 days beyond statutory time for response, appellant filed opposition to respondents' motion to dismiss.[2] Respondents responded per rule 373(c) and

---

[2]California Rules of Court, rule 373(b), formerly rule 203.5, provides: "Within 15 days after service of the notice of motion, the opposing party may serve and file written opposition, a memorandum of points and authorities, and a supporting affidavit or declaration stating facts showing why the motion should be denied. The failure of the opposing party to serve and file written opposition may be construed by the court as an admission that the motion is meritorious and the court may grant the motion without a hearing on the merits."

objected to appellant's untimely opposition. The trial court granted respondents' motion to dismiss February 28, 1984, and subsequently entered judgment and order of dismissal.

## DISCUSSION

The basis of appellant's claimed abuse of discretion is the strong public policy that actions be tried on their merits, appellant's proffered excuse for delay, and an allegedly insufficient showing of actual prejudice to respondents. These theoretical glimmerings of truth are extinguished by the facts in the record. ■ Former Code of Civil Procedure section 583, subdivision (a), conferred upon the trial court the discretion to dismiss an action for want of prosecution if not brought to trial within two years of filing.[3] Under that section, the trial court must consider a myriad of factors before exercising its discretionary power to dismiss and the burden is on the defendant to show that dismissal is warranted. (Cal. Rules of Court, rule 373(e), formerly rule 203.5(e); *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 723, fn. 7 [170 Cal.Rptr. 790, 621 P.2d 829].)

Factors which the court must consider include, inter alia, the contents of the court's file in the case, affidavits, declarations and supporting data submitted by the parties, availability of the moving party and other essential parties for service of process, the extent to which the parties engaged in any settlement negotiations or discussions, the diligence of the parties in pursuing discovery or other pretrial proceedings, the nature and complexity of the case, the nature of any extensions of time or other delay attributable to either party and whether the interests of justice are best served by dismissal or trial. (Rule 373(e).)

■ Although an order granting a motion to dismiss for dilatory prosecution will be more closely scrutinized on review than one denying the motion (*Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 404 [153 Cal.Rptr. 912]), the trial court exercises wide discretion in ruling on motion to dismiss under section 583, subdivision (a) and its determination will be reversed only upon showing a manifest abuse of discretion resulting in a miscarriage of justice. (*Ibid.*, citing *Sanborn* v. *Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 416-417 [134 Cal.Rptr. 402, 556 P.2d 764] and *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 563-564 [86 Cal.Rptr. 65, 468 P.2d 193].) **(3)**

---

[3]That section was repealed by Statutes 1984, chapter 1705, section 4, and replaced by section 583.410 et seq. Section 583.160, subdivision (a) provides that "(a) motion for dismissal made pursuant to notice given before, on, or within one year after the effective date of this chapter is governed by the applicable law in effect immediately before the effective date and for this purpose the law in effect immediately before the effective date continues in effect." (Added by Stats. 1984, ch. 1705, § 5.)

Discretion is abused only when the trial court exceeds the bounds of reason, *mutatis mutandis,* and the party complaining has the burden to establish an abuse of discretion. *(Corlett* v. *Gordon* (1980) 106 Cal.App.3d 1005, 1012 [165 Cal.Rptr. 524]; *Denham* v. *Superior Court, supra,* 2 Cal.3d 557, 566.)

Here, the affidavit of appellant's counsel stated that he had no secretary or law clerk since June 1983, had changed offices twice in one year, and the press of other business (developing a building complex which took approximately 40 percent of his time) caused the delay. While a number of cases have indicated that a court may consider an exceptional press of business or burdensome workload on plaintiff's attorney or law firm as a factor in justification for delay, in all those cases that reason was only one among several factors. *(Lopez* v. *Larson, supra,* 91 Cal.App.3d 383, 399-400; see also *Price* v. *Grayson* (1969) 276 Cal.App.2d 50, 54 [80 Cal.Rptr. 602]; *Bellm* v. *Bellia* (1984) 150 Cal.App.3d 1036, 1038 [198 Cal.Rptr. 389].)

Furthermore, sole practitioners and small law firms should not be judged by standards different from those for larger law firms when evaluating a lawyer's conduct under section 583, subdivision (a). *(Corlett* v. *Gordon, supra,* 106 Cal.App.3d 1005, 1015.) Thus, while the press of business was a factor to be considered by the trial court, the court was not required to deny respondents' motion on that account. *(Lopez* v. *Larson, supra,* at p. 400.)[4]

Appellant asserts she filed three amended complaints and an at-issue memorandum, as proof of lack of inactivity. However, the amended complaints were not filed at her initiative, but in response to judgment on the pleadings, demurrers and motions to strike. In addition, the at-issue memorandum was not filed until after respondents' notice of motion to dismiss, and appellant did not engage in further affirmative action toward prosecuting her case in the 45-day period from the notice of motion to dismiss until the hearing. *(Corlett* v. *Gordon, supra,* at p. 1014.) In fact, it is readily deducible that the only affirmative acts initiated by appellant were filing the original complaint in April 1980, sending the statutory offer to compromise in December 1982, and filing the at-issue memorandum in February 1984, and that, undoubtedly in response to the motion to dismiss.

Appellant intimates further that the court abused its discretion because prejudice to defendant cannot be presumed from delay. (See *Visco* v. *Abatti* (1983) 144 Cal.App.3d 904 [192 Cal.Rptr. 833].) We disagree. The cases

---

[4]In *Lopez* v. *Larson,* the reviewing court upheld the trial court's dismissal under section 583, subdivision (a) after a two-year, four-month delay. In *Corlett* v. *Gordon,* the dismissal which was upheld was after a three-year, eight-month delay, almost identical to the period of delay in the instant case.

are in conflict whether a trial court may presume prejudice by the mere passage of time. (See *Lopez* v. *Larson, supra,* 91 Cal.App.3d 383, 401-402.) In addition, there is no indication that the trial court granted respondents' motion because it presumed prejudice from the delay. Respondents' moving papers alleged actual prejudice because several of the respondents had moved out of state.

■ Respondents request that we take judicial notice of documents in our file which indicate that appellant has been just as dilatory on appeal as in the trial court. We grant the request as proper since a reviewing court may take judicial notice of any matter specified in section 452. (Evid. Code, § 459; see also *People* v. *Preslie* (1977) 70 Cal.App.3d 486 [138 Cal.Rptr. 828].) However, such records and documents are unnecessary to and play no part in our decision to uphold the trial court's ruling. **(4c)** Whereas public policy generally favors trial on the merits, this policy is not absolute. There is a competing policy in section 583, subdivision (a) which seeks to prevent unreasonable delays in litigation. (*Kunzler* v. *Karde* (1980) 109 Cal.App.3d 683, 688 [167 Cal.Rptr. 425].) The trial court concluded the delay was unreasonable and without good cause. Appellant has not demonstrated any abuse of discretion on the part of the trial court.

The judgment is affirmed.

Gilbert, J., and Abbe, J., concurred.