[No. B074887. Second Dist., Div. Seven. May 11, 1994.]

SCOTT CALDWELL, Plaintiff and Appellant, v.
METHODIST HOSPITAL OF SOUTHERN CALIFORNIA, Defendant
and Respondent.

1522

**COUNSEL**

Stephen F. Danz and Adrian Gragas for Plaintiff and Appellant.

Herzog & Fisher, James P. Herzog and Kimberly M. Talley for Defendant and Respondent.

**OPINION**

**WOODS (Fred), J.**—Plaintiff contends that the court abused its discretion when it denied his motion to set aside an order of dismissal. We affirm.

### FACTUAL AND PROCEDURAL SYNOPSIS

On September 28, 1990, appellant filed a complaint for wrongful discharge in violation of public policy and related causes of action. After a series of demurrers and motions to strike, ultimately, the third amended complaint became the operative pleading.

On August 28, 1992, after ruling on respondent's motion for summary adjudication of issues and finding that there were no triable issues of fact as to the causes of action for discharge in violation of public policy and for violation of various Labor Code sections, the court announced the next court date. Both attorneys believed the date to be October 19, 1992; in fact, the date was October 9, 1992.

Appellant filed a motion for new trial on the basis that the court misapplied the standard for termination in violation of public policy. The motion was calendared for October 2, and then continued on the court's own motion to October 16.

On October 9, there being no appearance by either party, the court ordered the case be dismissed pursuant to Code of Civil Procedure section[1] 583.410, subdivision (a). A copy of the minute order of dismissal was mailed to appellant's counsel. On October 16, the court took the motion for new trial off calendar as moot.

---

[1]All statutory references are to the Code of Civil Procedure.

On January 13, 1993, pursuant to section 473, appellant filed a motion to set aside the order of dismissal on the basis of excusable neglect in that both attorneys believed that the next court date had been scheduled for October 19, not October 9. Appellant also requested that his motion for new trial be restored. The court denied the motion.

Appellant filed a timely notice of appeal.

### DISCUSSION

■ "It is settled that the law favors a trial on the merits . . . and therefore liberally construes section 473. . . . Doubts in applying section 473 are resolved in favor of the party seeking relief from default . . . and if that party has moved promptly for default relief only slight evidence will justify an order granting such relief." (Citations omitted.) (*Iott* v. *Franklin* (1988) 206 Cal.App.3d 521, 526 [253 Cal.Rptr. 635].)

■ We discern that the issue presented by this appeal is not the sufficiency of the excuse offered by appellant in his motion to set aside but whether the motion was filed in a timely manner. Appellant admits that he received the copy of the minute order of dismissal, which was apparently mailed on October 9, 1992. Appellant did not file the motion to set aside until January 13, 1993, just over three months later.

■ Regarding the six-month time limit in section 473, one court observed: " ' "The six months' limitation there provided is simply a limitation upon the power of the court to grant any relief, regardless of any question either as to the merits of the application, or as to whether or not the application was made within what might be held to be a reasonable time under the circumstances. Under this statute, in addition to being made within the six months' period, the application must be made within a 'reasonable time' and what is a reasonable time in any case depends upon the circumstances of that particular case." While in "the determination of that question, a large discretion is necessarily confided to [the trial] court" . . . there must be some showing—some evidence—as the basis for the exercise of such discretion.' " (*Carrasco* v. *Craft* (1985) 164 Cal.App.3d 796, 805 [210 Cal.Rptr. 599].)

■ Appellant moved to set aside the order of dismissal on the basis of the mutual mistake regarding the date of the next court hearing. In respondent's opposition to the motion, it raised the issue of appellant's lack of

diligence in seeking relief as appellant's counsel was informed of the error in October 1992, but did not move for relief until January 1993. In reply, appellant simply argued that under the attorney error provision of section 473, relief was mandatory if made within six months.

In *Billings* v. *Health Plan of America* (1990) 225 Cal.App.3d 250, 258 [275 Cal.Rptr. 80], the court determined that the 1988 amendment to section 473, which added the provision for mandatory relief for attorney error, did not alter the diligence requirement. The court further noted that delays of three months or more routinely result in denial of relief where there is no explanation for the delay. (225 Cal.App.3d at p. 258, fn. 5.)

Appellant argues that he explained the delay at the hearing when his counsel noted that it was the holiday season. We note the appellant's counsel did not offer this explanation in the reply brief. Also, appellant's counsel did not personally appear at the hearing, but rather sent another attorney from his office. The latter attorney, who insisted that the reasonable time provision did not apply to mandatory relief, is the one who suggested that the motion was timely as "the intervening period of time has included the holidays, Christmas holiday, et cetera." That statement does not rise to the level of a claim that the motion was not filed for three months because of the holiday season. Nor does the fact that it was the holiday season necessarily excuse the failure to act sooner.

In his appellate brief, appellant states that his counsel was a sole practitioner with a statewide practice. Although an exceptional press of business or a burdensome workload may be considered as a factor justifying delay, cases doing so involved situations where the press of business was only one of several factors preferred. (See *Farrant* v. *Casas de la Senda Homeowners Assn.* (1985) 170 Cal.App.3d 221, 226 [216 Cal.Rptr. 27].) Thus, to the extent counsel may be implying that he was too busy to file a motion sooner, that excuse is not a sufficient justification for the delay.

Under these circumstances, which included appellant's desire to have a motion for new trial restored, we cannot hold that the court abused its discretion in finding that appellant failed to act diligently.

### DISPOSITION

The order is affirmed. Respondent to recover costs on appeal.

Lillie, P. J., concurred.

**JOHNSON, J.**—I respectfully dissent.

In my view, it was an abuse of discretion not to allow appellant the opportunity for the Code of Civil Procedure section 473[1] relief to which he was so clearly entitled if the court reached the merits. This is not a case where the petitioning party made a mistake he must plead with the court to excuse. Here the mistake almost certainly was committed by the judge or other court personnel, not by either party.[2] For the court to avoid confronting and remedying its own mistake by invoking a time bar it was not required to impose constitutes just the sort of discretionary decision the appellate court should view with suspicion.

At the time appellant sought relief from the trial court's mistaken dismissal of his case a full three months remained before expiration of the six-month outer time limit for pursuing a remedy under section 473. It is true the law also grants trial courts discretion to deny section 473 petitions unless they are filed in a "reasonable time" (*Smith* v. *Pelton Water Wheel Co.* (1907) 151 Cal. 394, 397 [90 P. 934].) However, that discretion must be exercised reasonably. The three-month delay in this case is well within the time frame where courts routinely allow section 473 motions to be considered on the merits, with little or no excuse for the delay. (*DeMello* v. *DeMello* (1954) 124 Cal.App.2d 135 [268 P.2d 26] [six-month delay with three months of it after discovery of default with no excuse for the delay after discovery, yet court heard and granted section 473 relief]; *Berman* v. *Klassman* (1971) 17 Cal.App.3d 900, 909 [95 Cal.Rptr. 417] [unexplained, unexcused ninety-three-day delay, yet court heard and granted section 473 relief]; *Outdoor Imports, Inc.* v. *Stanoff* (1970) 7 Cal.App.3d 518 [86 Cal.Rptr. 593] [total four-and-one-half-month delay, two and one-half months of it unexplained and unexcused delay after settlement negotiations collapsed, yet court heard and granted section 473 relief].)

Appellant's reason for waiting three months to seek section 473 relief is only marginally stronger than the "no excuses" explanations tendered in cases like *DeMello*, *Berman*, and *Outdoor Imports*. Yet relief was granted without excuses in those cases and should be with a minimal excuse here.

In my view, the trial court should have welcomed the opportunity to correct what clearly was its own mistake. Instead the court unreasonably

[1]Unless otherwise indicated all statutory references are to the Code of Civil Procedure.

[2]In this case both parties understood the trial judge to announce the date as October 19th. Consequently, neither appeared on October 9th when the court clerk had scheduled the appearance. *Respondent* offers what seems the most likely explanation—the clerk misunderstood the judge and entered the wrong date, an error which the trial judge did not detect when neither party appeared on October 9th. Thereafter, the trial judge compounded the clerk's mistake by dismissing appellant's case.

imposed a "reasonable time" requirement to reject a 473 petition despite the fact it was filed within a time frame other courts have deemed reasonable. This I consider a clear abuse of discretion and one appellate courts cannot countenance.