[No. B172366. Second Dist., Div. Eight. Aug. 30, 2005.]

REBECCA PRIETO, Plaintiff and Appellant, v.
LOYOLA MARYMOUNT UNIVERSITY, Defendant and Respondent.

## Counsel

Steven G. Cohn for Plaintiff and Appellant.

Musick, Peeler & Garrett, Steven D. Weinstein and Bethany A. Pelliconi for Defendant and Respondent.

## OPINION

**FLIER, J.**—The trial court denied appellant's motion to vacate the judgment dismissing appellant's complaint. We affirm.

### FACTS[1]

Appellant Rebecca Prieto was working as an assistant bursar for respondent Loyola Marymount University when she developed carpal tunnel syndrome. After respondent made some accommodations for appellant that did not relieve the problem, appellant went on workers' compensation leave in April 1998. Respondent's leave policies provided for leaves of absence not to exceed six months, but appellant remained on leave for over three years.

Twice during the year 2000, appellant's physician submitted reports to respondent that described appellant's capability to perform keypunch duties as limited. During this time, respondent attempted to find work for appellant that she could perform, and provided her with vocational rehabilitation benefits to train her to perform different work. Respondent finally offered a position to appellant as an account specialist, but her physician opined that she could not do the work.

Appellant settled her workers' compensation claim in May 2001.[2] Respondent terminated appellant in June 2001 because, according to respondent's human resources director, respondent had no available position for her that was suitable and which she could perform with or without reasonable accommodations. Appellant states in her brief that respondent's claim that it could not find work for her "is pretty much unbelievable," and that her termination took place more than 20 years after she started working for respondent.

Appellant filed this action in June 2002. The complaint was based on respondent's alleged failure to accommodate appellant's physical disability under the California Fair Employment and Housing Act, appellant's alleged wrongful discharge, and other related causes of action. Respondent demurred,

---

[1] The statement of facts describing the underlying controversy is based on the declaration of respondent's director of human resources. This declaration was submitted in support of respondent's motion for summary judgment, which appellant failed to oppose, and which was granted. (See text, *post.*) Appellant's version of these facts is similar, but is offered in her brief without a citation to the record, in violation of rule 14(a)(1)(C) of the California Rules of Court. We can disregard unsupported factual assertions in appellant's brief. (*Colt v. Freedom Communications, Inc.* (2003) 109 Cal.App.4th 1551, 1560 [1 Cal.Rptr.3d 245].)

[2] Appellant settled for $69,000.

and appellant filed a first amended complaint on September 5, 2002. Respondent again demurred. On October 25, 2002, the court sustained the demurrers to three of the five causes of action with leave to amend.

Appellant never filed a second amended complaint, nor did appellant ever respond to a motion to compel answers to interrogatories that was filed in January 2003.

Respondent filed its motion for summary judgment on December 31, 2002. The affidavit of service states that the motion was served by mail, as well as by personal delivery at the office of appellant's counsel. In the declaration filed in support of appellant's motion to set aside the judgment, appellant's counsel stated that he did not receive the motion for summary judgment, either by mail or by personal service.

The motion for summary judgment was heard and granted on February 14, 2003. No opposition was filed, and there was no appearance by appellant. In granting the motion, the trial court found that respondent had given appellant reasonable accommodation for her disability, and that respondent had legitimate, nondiscriminatory reasons for terminating appellant. The notice of this ruling was served by mail.

Appellant's counsel's declaration states that he first learned of the summary judgment in respondent's counsel's letter of February 19, 2003, when counsel informed him that the motion for summary judgment had been granted.

The court entered judgment in favor of respondent on March 7, 2003. The judgment, the written order granting summary judgment, and the notice of entry of judgment were all served by mail. Respondent filed its memorandum of costs on March 25, 2003, and this document was also served by mail.

On September 5, 2003, appellant filed a motion entitled "MOTION TO SET ASIDE ORDER GRANTING DEFENDANTS' [sic] MOTION FOR SUMMARY JUDGMENT." The motion invoked Code of Civil Procedure section 473 (hereafter section 473) and alleged that it was based on counsel's " 'affidavit of fault,' " and would therefore have to be granted. The reference was to that provision of section 473, subdivision (b) (hereafter section 473(b)) that requires the court to set aside a default if the attorney files an affidavit that the default was the result of his or her mistake, inadvertence, surprise, or neglect, and if the default was in fact brought about by such mistake, inadvertence, etc. (hereafter the mandatory provision). A day before

the hearing on appellant's motion, appellant filed a document that was entitled "[PROPOSED] OPPOSITION" to respondent's motion for summary judgment. This document, however, did no more than state that appellant did not have adequate opportunity to engage in discovery in order to oppose the motion for summary judgment.

The trial court denied the motion, and based its ruling on three grounds. First, citing *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130 [114 Cal.Rptr.2d 93] (*English*), the trial court ruled that an order granting an unopposed summary judgment does not constitute a "default or dismissal" within the meaning of section 473. Second, the court found that the motion was not filed within a reasonable time, even though section 473 requires that a motion to set aside a default or dismissal is to be made within a reasonable time.[3] Third, the court found that counsel's declaration that he had not received the motion for summary judgment was not a declaration of counsel's fault, and that mandatory relief was therefore not available. The appeal is from this order.[4]

## DISCUSSION

Section 473(b) provides in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . . Notwithstanding any other requirements of this section, the court shall, *whenever an application for relief is made no more than six months after entry of judgment*, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) *resulting default* entered by the clerk against his or her

---

[3] This portion of the trial court's ruling was in error, since, other than the six months' limit, there is no requirement of diligence under the mandatory provision of section 473(b). (*Milton v. Perceptual Development Corp.* (1997) 53 Cal.App.4th 861, 868 [62 Cal.Rptr.2d 98]; cf. *Caldwell v. Methodist Hospital* (1994) 24 Cal.App.4th 1521, 1525 [29 Cal.Rptr.2d 894].)

[4] Appellant has failed to comply with rule 14(a)(2)(B) of the California Rules of Court that requires a statement in the opening brief why an order appealed from is appealable. Generally, orders denying motions to vacate are not appealable. However, an order denying a statutory motion under section 473 to vacate the judgment is appealable as an order after judgment. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 663 [125 Cal.Rptr. 757, 542 P.2d 1349].)

client, and which will result *in entry of a default judgment*, or (2) resulting *default judgment or dismissal* entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Italics added.)

Appellant's motion was based on the portion of section 473(b) that addresses motions predicated on a confession of fault by the attorney of record, i.e., the mandatory provision. Motions brought under this provision, excerpted, *ante*, seek relief from the "entry of judgment," which in this case was March 7, 2003.

The fact that appellant seeks to rely on the mandatory, "attorney-fault," provision of section 473(b) is fatal to this motion to set aside an order granting summary judgment. The portion on which appellant relies empowers the court to vacate "any (1) resulting *default* entered by the clerk against his or her client, and which will result in *entry of a default judgment*, or (2) *resulting default judgment or dismissal* entered against his or her client . . . ." (Italics added.) As the court observed in *English*, *supra*, 94 Cal.App.4th at pages 143–144, 148–149, a summary judgment is not a "default judgment," nor is it a "dismissal."[5] For this reason, we agree with the court in *English* that a motion brought under the mandatory, "attorney-fault" provision of section 473(b) cannot seek to set aside an order granting summary judgment. More accurately, the mandatory provision of section 473(b) does not empower a court to set aside a summary judgment. The mandatory provision of section 473(b) only empowers a court to set aside a default judgment or a dismissal.

*Avila v. Chua* (1997) 57 Cal.App.4th 860 [67 Cal.Rptr.2d 373] (*Avila*) reached a conclusion contrary to that in *English*. In *Avila*, the court held that the mandatory provision of section 473(b) applied to a judgment entered after an untimely opposition to a motion for summary judgment was stricken. (*Avila, supra*, at p. 868.) The court reasoned that the case was "directly analogous to a default judgment," since, due to counsel's late filing of the opposition, the court decided the matter on the pleadings, and there was no litigation on the merits. (*Ibid.*)

With deference to the court in *Avila*, we are persuaded by the reason for the enactment of the mandatory relief provision of section 473(b), which is set forth in *English*, *supra*, 94 Cal.App.4th at pages 138–140. The heart of the matter is that the mandatory relief provision was enacted because trial courts

---

[5] We note the careful analysis of a "dismissal" in *English* as having a limited meaning similar to the term "default judgment." (*English*, *supra*, 94 Cal.App.4th at pp. 144–148.)

were found to be reluctant to grant discretionary relief from *default judgments* because of increased case loads. (*Id.* at p. 139.) " '[T]he policy goal sought to be effectuated [was] to relieve innocent clients from losing their day in court because the attorneys they hired to defend them inexcusably fail[ed] to file responsive papers.' (*Cisneros v. Vueve* (1995) 37 Cal.App.4th 906, 911–912 [44 Cal.Rptr.2d 682], italics omitted.) To achieve this goal, the Legislature expressly limited the scope of the mandatory provision of section 473(b) to require relief from default judgments only." (*Ibid.*) The only expansion of the mandatory provision since its enactment in 1988 has been to make the provision available to plaintiffs. (*Id.* at p. 140.) Thus, the Legislature has shown no interest in expanding the type of case to which the mandatory relief provision applies to cases beyond the relatively narrow category of default judgments and dismissals.

■ Another perspective on the matter is provided by the general rule that the client is chargeable with the negligence of his or her attorney. (8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 175.) Although there are of course exceptions to this rule, it is nevertheless the general rule. If the mandatory relief provision of section 473(b) is interpreted to apply to any situation in which a "default" by the attorney leads to an adverse judgment, however, the general rule is effectively repealed.[6] This would engender instability in litigation since orders, and judgments, could easily be set aside, as long as the attorney filed an affidavit acknowledging fault.

The case at bar is a good illustration of the negative effects of applying the mandatory relief provision of section 473(b) to "defaults" by an attorney that do *not* lead to the entry of a default by a clerk, which will in turn "result in [the] entry of a default judgment." Summary judgment was entered two and a half years ago, yet this case continues in litigation. One reason for the delay is that appellant's counsel did nothing for nearly six months after March 2003 because he thought that he could make a motion to be relieved from default within six months and, as long as he confessed his fault, he had an absolute "right" to have that motion granted.[7] Thus, rather than have the case resolved in March 2003 on its merits or, if summary judgment was denied, shortly thereafter following a trial, the parties, and the courts, are engaged in midyear

---

[6] One court has recognized that the mandatory relief provision is an exception to the general rule that the client is chargeable with the negligence of his or her attorney. (*Solv-All v. Superior Court (SMS Supermarket Service, Inc.)* (2005) 131 Cal.App.4th 1003 [32 Cal.Rptr.3d 202].)

[7] Counsel allowed six months, less two days, to go by from the entry of judgment based on nothing other than his unwarranted belief that he had a "right" to have his motion granted, as long as he confessed his fault. We have been given no other reason or explanation for the delay in filing the motion to vacate.

2005 in litigating the question of counsel's default in opposing the summary judgment motion in *early 2003*. Instead of a resolution on the merits in the year 2003, the case has been in litigation for over two additional years on an issue that has nothing to do with the substance of the case.

There is an additional reason why it is, in our opinion, not sound to conclude that the mandatory provision applies to situations that are "directly analogous to a default judgment," as the court concluded in *Avila, supra,* 57 Cal.App.4th at page 868. The mandatory provision is expressly predicated on the entry of a default by the clerk.[8] If an opposition to a motion for summary judgment is filed late, as in *Avila,* or not at all, as in this case, the clerk does not enter a default. We think that the drafters' decision to predicate the mandatory provision on the entry of default by the clerk precludes the application of the mandatory provision to situations that are "analogous" to default judgments. The deliberate reference to the entry of a default by the clerk shows that the Legislature intended to limit the mandatory provision to default judgments, and to default judgments only. The statute provides no basis for extending the mandatory provision to judgments that are analogous to default judgments, even assuming, as we do not, that there can be general agreement about what is "analogous" to a default judgment.

The mandatory relief provision should be limited to the narrow class of cases in which a default judgment or a dismissal has been entered. We conclude that *English* is the better view. At least one appellate court has concluded likewise (*English, supra,* 94 Cal.App.4th at p. 142), while two others have expressed a guarded skepticism about *Avila.*[9]

In light of our holding, it is unnecessary to address the balance of the reasons that support the trial court's decision. We note, however, that counsel's flat assertion that he did not receive the motion for summary judgment is well short of an acknowledgment of fault. It is a statement of fact, or what, under the circumstances, one would hope to be a fact, but it is not an acknowledgment that counsel was at fault in not opposing the motion for summary judgment.

---

[8] The mandatory provision authorizes the court to "vacate any (1) *resulting default* entered by the clerk against his or her client, and which will result *in entry of a default judgment,* or (2) resulting *default judgment or dismissal* entered against his or her client." (Section 473(b), italics and underscoring added.)

[9] *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 683 [68 Cal.Rptr.2d 228], and *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1398 [72 Cal.Rptr.2d 188], both noted that there was no need in *Avila* to resort to the mandatory relief provision.

## DISPOSITION

The order is affirmed. Respondent is to recover its costs on appeal.

Cooper, P. J., and Rubin, J., concurred.

A petition for a rehearing was denied September 28, 2005, and appellant's petition for review by the Supreme Court was denied November 16, 2005. Kennard, J., was of the opinion that the petition should be granted.