Filed 7/20/23  Munoz v. PL Hotel Group CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| LUIS MUNOZ et al., | D080587 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2019-00017904-CU-FR-CTL) |
| PL HOTEL GROUP, LLC et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

Vivoli Saccuzzo and Jason P. Saccuzzo for Defendants and Appellants.

Spierer, Woodward, Corbalis & Goldberg and Stephen B. Goldberg for Plaintiffs and Respondents.

Defendants PL Hotel Group, LLC and Shivam Patel appeal from an order granting a motion to set aside a judgment in their favor under Code of Civil Procedure section 473, subdivision (b).[1]  The judgment was based on a prior order granting their unopposed summary adjudication motion and

---

[1]    All further statutory references are to the Code of Civil Procedure.

disposing of all remaining claims against them.  We conclude that the trial court did not abuse its discretion by finding that (1) the motion to set aside the judgment was timely, and (2) the moving parties established that their failure to file an opposition to the summary adjudication motion was a result of excusable mistake or neglect.  Accordingly, we affirm the order setting aside the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

This is the second appeal arising out of this litigation.  As noted in our prior opinion, the underlying case involves a dispute over a hotel purchase and leaseback agreement between plaintiffs Luis Munoz and LR Munoz Real Estate Holdings, LLC (LRM Holdings) (together, Munoz plaintiffs) and defendants PL Hotel Group, LLC (PL Hotel), its owners Shivam Patel (Shivam) and Rajesh Patel (Rajesh), their alleged alter ego Inn Lending, LLC (Inn Lending), and others.  (*Munoz v. Patel* (2022) 81 Cal.App.5th 761, 765–767.)  In the first appeal, we reversed a judgment of dismissal in favor of defendants Rajesh and Inn Lending with directions to overrule their demurrer as to some causes of action.  (*Id*. at p. 783.)  This appeal is brought by two other defendants (Shivam and PL Hotel) who were engaged in ongoing proceedings in the trial court while the first appeal was pending.  The merits of the case are not at issue in this appeal.

The case was first filed in 2018.  According to the trial court, it "has generated an unusual amount of law and motion activity" with over 600 entries in the register of actions.

Attorney Robert M. Yaspan initially represented the Munoz plaintiffs both in the trial court and the prior appeal.  On January 28, 2021, while the prior appeal was still pending, attorney Yaspan filed a motion to be relieved as counsel for the Munoz plaintiffs on the ground that there had been a

2

breakdown in the attorney-client relationship. At the time, trial was scheduled for May 7, 2021. Attorney Yaspan also filed a separate motion to withdraw as counsel for the Munoz plaintiffs on appeal.

The next day, defendants PL Hotel and Shivam filed a motion for summary adjudication and an ex parte application to have the motion heard less than 30 days before trial, or alternatively, for a trial continuance to allow the motion to be heard. On February 2, 2021, the court vacated the trial date to allow the summary adjudication motion to be heard on May 7, 2021 along with a case management conference (CMC).

On February 19, 2021, before the opposition to the summary adjudication motion was due, the court granted attorney Yaspan's motion to be relieved as counsel for the Munoz plaintiffs, effective immediately. The court further noted that as a corporation, plaintiff LRM Holdings could not represent itself in court. The court therefore issued an order to show cause (OSC) why its complaint should not be dismissed, its amended answer to the cross-complaint stricken, and default entered for failure to substitute an attorney to represent it. The court ordered that the OSC hearing would trail the CMC scheduled for May 7, 2021.

The court's formal order granting the motion to be relieved stated that the next scheduled hearing in the action was the CMC set for May 7, 2021. The order did not mention that the summary adjudication motion was also still set to be heard on May 7, 2021. Munoz received a copy of the order.

In the pending appeal, this court similarly granted attorney Yaspan's motion to be relieved as counsel for the Munoz plaintiffs and gave LRM Holdings 30 days to substitute new counsel.

Munoz began looking for a new lawyer and interviewed attorney Stephen Goldberg in early March 2021. He provided attorney Goldberg with

the trial court's order granting attorney Yaspan's motion to be relieved. Goldberg reviewed the order and noted that it said the next scheduled hearing in the trial court was a CMC set for May 7, 2021. Goldberg also spoke to an associate of attorney Yaspan's, who mentioned nothing about the pending summary adjudication motion. Goldberg was not aware of the pending summary adjudication motion. Goldberg did not accept the case right away.

Munoz never received a copy of the summary adjudication motion from his former counsel Yaspan and was not aware that the motion was pending until May 4, 2021, three days before the hearing. Before attorney Yaspan was relieved, Munoz was copied on emails with attached legal documents referring to the summary adjudication hearing, but Munoz either did not read them or did not understand what they meant. The Munoz plaintiffs did not yet have new counsel when the opposition was due and did not file an opposition to the summary adjudication motion.

In late April 2021, attorney Goldberg agreed to substitute in to represent the Munoz plaintiffs in both the trial court and the Court of Appeal. He substituted in as counsel for the Munoz plaintiffs in the pending appeal on April 30, 2021. At that time, the Munoz plaintiffs' opening brief on appeal was due June 15, 2021.

On May 4, 2021, Munoz first became aware of the pending motion for summary adjudication when he received a copy of the defendants' "Reply of Non-Opposition," which noted that the Munoz plaintiffs had not filed any opposition papers. Munoz forwarded this document to attorney Goldberg. This was the first Goldberg learned of the pending motion. He obtained the court's tentative ruling online, which was to grant the motion. The tentative

4

ruling also stated that it would be dispositive of all remaining claims against PL Hotel and Shivam.

On May 5, 2021, Goldberg substituted into the case as counsel for the Munoz plaintiffs in the trial court. On May 7, 2021, Goldberg appeared at the hearing and requested a continuance of the summary adjudication motion so that the Munoz plaintiffs could file an opposition. The court denied the request, proceeded with the hearing, and confirmed its tentative ruling. The court discharged the OSC because Goldberg had substituted in as counsel two days earlier.

On May 11, 2021, the court filed a judgment in favor of PL Hotel and Shivam on all remaining claims against them. Defense counsel served notice of entry of the judgment on June 2, 2021.

Four months later, on October 1, 2021, the Munoz plaintiffs filed a motion seeking both discretionary and mandatory relief from the judgment under section 473, subdivision (b). In relevant part, they asserted that the judgment was entered as a result of mistake, inadvertence, surprise, or excusable neglect because they were not aware that the motion for summary adjudication was pending when their former counsel was relieved, and they first learned of it just days before the hearing. Munoz and Goldberg both submitted declarations in support of the motion. As required by the statute (§ 473, subd. (b)), the Munoz plaintiffs also submitted a proposed opposition to the summary adjudication motion with supporting papers, including a separate statement of undisputed material facts and a declaration from Munoz.

In opposition, defendants PL Hotel and Shivam argued that the Munoz plaintiffs were not entitled to discretionary relief because they failed to seek relief within a reasonable time, they failed to show a satisfactory excuse for

5

relief, and granting relief would be futile and would substantially prejudice the defense. They also argued that the Munoz plaintiffs were not entitled to mandatory relief.

In reply, Munoz and Goldberg both submitted additional declarations. In his declaration, Goldberg asserted that the delay in filing the motion to set aside the judgment "was reasonable in light of the demands of the multiple pleadings that were necessary in this matter, while concurrently attending to my preexisting caseload and commitments for other matters." He explained: "When I substituted in the case, Plaintiffs had an appellate brief due on June 15, 2021. Before I could file the Motion, I had to prepare the Opposition to Defendants' Motion for Summary Adjudication to include with the Motion. This required a detailed review and analysis of the file, the procedural history and evidence. In the process of preparing the Opposition, other pleadings became due. On July 29, 2021, I filed the appellate reply brief. On August 9, 2021, I filed an Opposition to Defendants' Motion for Attorneys' Fees."

While the motion to set aside the judgment was pending, this court reversed the judgment of dismissal in favor of defendants Inn Lending and Rajesh. The Supreme Court then granted review and transferred the case back to this court with directions to vacate the decision and rehear the case after granting the parties an opportunity to file supplemental briefs. After complying with these directions, a different panel of this court issued a new opinion reversing the judgment of dismissal with directions to the trial court to overrule the demurrer as to some causes of action. (*Munoz v. Patel*, *supra*, 81 Cal.App.5th at pp. 765–766, 783.)

The trial court held a hearing on the motion to set aside the judgment in April 2022. After taking the matter under submission, the court issued a

6

written order granting discretionary relief, but not mandatory relief.[2]  As to the discretionary relief, the court first considered whether the motion was filed within a reasonable time after the judgment.  It stated:  "A party seeking relief under section 473(b) must file the motion within a 'reasonable time' but not longer than six months after the judgment or dismissal has been entered.  'A delay is unreasonable as a matter of law only when it exceeds three months and there is no evidence to explain the delay.'. . . .  [¶] Here, it is undisputed that plaintiffs' current counsel substituted into the case shortly before judgment was entered but did not file the instant motion until more than four months later.  Counsel, however, provided an explanation for the delay.  He states that he needed to get up to speed on the file – which at that time had over 600 entries on the [register of actions] – and file 'multiple pleadings' in this matter. . . .  Under these circumstances, the court finds that the four-month delay in seeking relief was not unreasonable."

Next, the court found "that plaintiffs have made a sufficient showing of excusable neglect in failing to file an opposition to the motion for summary adjudication."  The court explained:  "[T]he evidence before the court shows that while plaintiff Munoz received notice of the summary adjudication hearing on February 9 . . ., the matter was ***not*** listed on the February 19 order granting his former counsel's motion to withdraw. . . .  A reasonably prudent person may have been confused as to whether the summary adjudication hearing was still going forward on May 7.  '[P]ro per litigants often do not have an attorney's level of knowledge about the legal system and are more prone to misunderstanding the court's requirements.' "

---

[2]     The trial court's denial of mandatory relief is not at issue in this appeal.

Finally, the court found that the defendants would suffer no cognizable prejudice from granting the motion. Accordingly, the court granted the motion to set aside the judgment and reset the hearing on the motion for summary adjudication to permit the Munoz plaintiffs to file their opposition.

DISCUSSION

A. *Standard of Review*

Section 473, subdivision (b) provides in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

" '[T]he provisions of section 473 . . . are to be liberally construed and sound policy favors the determination of actions on their merits.' " (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 256.) " '[B]ecause the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default.' " (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 371–372.)

An order granting discretionary relief under section 473, subdivision (b) will not be reversed on appeal absent a clear abuse of discretion. (*Weitz v. Yankosky* (1966) 63 Cal.2d 849, 854 (*Weitz*).) "The test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered." (*In re Marriage of Jacobs* (1982) 128 Cal.App.3d 273, 280 (*Jacobs*).)

This standard of review also applies to the trial court's determination whether the moving party requested relief within a "reasonable time" after

8

the judgment or dismissal.  (§ 473, subd. (b); see *Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 33 (*Minick*).)  "The determination of whether a moving party has filed for relief with reasonable alacrity is addressed to the sound discretion of the trial court whose discretion will not be overturned absent a clear showing of abuse of discretion."  (*Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1200.)

On appeal, "a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits."  (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233.)  "[A]ppellate courts are much more disposed to affirm an order where the result is to compel a trial upon the merits than they are when the judgment by default is allowed to stand and it appears that a substantial defense could be made."  (*Weitz, supra*, 63 Cal.2d at p. 854.)

B.  *Trial Court's Finding of No Unreasonable Delay*

PL Hotel and Shivam primarily argue that the trial court abused its discretion by finding that the plaintiffs' motion was filed within a "reasonable time" after the judgment was entered.  (§ 473, subd. (b).)  They contend that the nearly five-month delay after entry of judgment was unreasonable as a matter of law because it exceeded the "three-month unofficial standard" established by the Supreme Court in *Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523 (*Benjamin*).)  We are not persuaded.

As noted, section 473, subdivision (b) requires that the motion for relief be filed within a "reasonable time" no later than six months after the judgment of dismissal.  What is a "reasonable time" within the meaning of section 473, subdivision (b) depends upon the circumstances of each case and is a question of fact for the trial court.  (*Minick, supra*, 3 Cal.App.5th at p. 33.)  The trial court has broad discretion in making this determination, but

9

"there must be some showing—some evidence—as the basis for the exercise of such discretion." (*Benjamin*, *supra*, 31 Cal.2d at p. 528.)

In *Benjamin*, the Supreme Court held that an *unexplained* delay of more than three months was unreasonable as a matter of law. (*Benjamin*, *supra*, 31 Cal.2d at pp. 528–533.) The court ruled that "the proper procedure appears to involve the presentation of some explanation, by affidavit or testimony, of any extended delay, and the court then determines whether such explanation may be deemed sufficient to justify the granting of the relief sought." (*Id*. at p. 529.) *Benjamin* effectively established an "unofficial" rule that "unexplained delays" exceeding three months are deemed unreasonable under section 473. (*Stafford v. Mach* (1998) 68 Cal.App.4th 1174, 1184; see also *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1422 [finding no abuse of discretion in trial court's denial of relief where moving party "offered no evidence explaining the delay" of over three months].)

In this case, the Munoz plaintiffs' motion was filed more than three months after the judgment, but within the six-month outer limit prescribed by the statute. (§ 473, subd. (b).) *Benjamin*'s "unofficial" three-month deadline does not apply, however, because attorney Goldberg submitted a declaration providing an explanation for the delay, which the trial court found to be reasonable.[3] "A delay is unreasonable as a matter of

---

[3] PL Hotel and Shivam repeatedly refer to Goldberg's explanation as "belated" because it was included in his reply declaration, rather than in the moving papers. But they filed no objection or motion to strike Goldberg's reply declaration in the trial court, nor did they argue that the trial court should disregard it. Accordingly, they have forfeited any claim that the trial court erred by relying on it. (See *Gafcon, Inc. v. Ponsor & Associates* (2002) 98 Cal.App.4th 1388, 1426 ["Absent any objection to the inclusion of new evidence in [the] reply brief, the court was entitled to consider the evidence as within the record before it."].)

law *only* when it exceeds three months *and there is no evidence to explain the delay*." (*Minick, supra,* 3 Cal.App.5th at p. 34, italics added, citing *Benjamin, supra,* 31 Cal.2d at p. 532.) Accordingly, the real issue before us is whether the trial court abused its discretion by finding that Goldberg's explanation was "sufficient to justify the granting of the relief sought." (*Benjamin*, at p. 529.)

PL Hotel and Shivam argue that attorney Goldberg's explanation was insufficient under *Caldwell v. Methodist Hospital* (1994) 24 Cal.App.4th 1521. In *Caldwell*, the court stated: "Although an exceptional press of business or a burdensome workload may be considered as a factor justifying delay, cases doing so involved situations where the press of business was only one of several factors proffered." (*Id.* at p. 1525.) In other words, press of business is not a sufficient excuse if it is the *only* factor justifying the delay, but it may be considered if there are other contributing factors.

In this case, press of business was *not* the only factor contributing to the delay. It was also attributable to the need to substitute new counsel at a pivotal moment in the litigation. The trial court relieved the Munoz plaintiffs' former counsel *while* the defense motion for summary adjudication was already pending, without giving them more time to file an opposition. The Munoz plaintiffs were unrepresented for several months while they searched for new counsel, and plaintiff LRM Holdings was legally barred from representing itself as a corporate entity. The due date for the opposition came and went while the Munoz plaintiffs were still unrepresented.

When attorney Goldberg substituted in after the due date had already passed, he had to come up to speed on three years of extensive litigation, including a pending appeal involving two defendants and ongoing proceedings in the trial court involving several others. He and his clients

11

were initially unaware that there was a pending motion for summary adjudication. After learning of the motion, Goldberg substituted in days before the hearing and tried without success to get a continuance so that the Munoz plaintiffs could file an opposition. He then had to devote his attention to the opening brief that was due in the pending appeal. To file the motion to set aside the judgment, he also had to prepare a proposed opposition to the summary adjudication motion along with supporting papers. And during this same period, he had to file an opposition to the fees motion and a reply brief in the pending appeal.

In these circumstances, we cannot say that the trial court's ruling was beyond the bounds of reason. We find the situation here to be analogous to *Jacobs*, *supra*, 128 Cal.App.3d 273—which involved an even longer delay also attributable to the substitution of new counsel. There, the trial court ruled that the moving party's motion to set aside the judgment was timely even though it was filed just *one day before the six-month statutory deadline*—in part because she had to find new counsel to investigate and evaluate her position. (*Id*. at pp. 280–281.) In affirming, the Court of Appeal explained: "Taking into account all of the circumstances including the time reasonably necessary to obtain new counsel, conduct an investigation of the case, and prepare her motion papers, the court did not abuse its discretion in finding that the motion was filed within a reasonable time." (*Id*. at p. 281.)

The same rationale applies to the shorter delay at issue here. It was within the trial court's broad discretion to conclude that the delay was reasonable given the need for new counsel to get up to speed on a complex case and prepare the necessary motion papers while simultaneously briefing the pending appeal and the fees motion. As in *Jacobs*, "it cannot be said that

the trial court exceeded the bounds of reason in finding that the motion was timely made." (*Jacobs, supra,* 128 Cal.App.3d at p. 280.)

C.    *Trial Court's Finding of Excusable Neglect*

PL Hotel and Shivam next argue that the trial court abused its discretion by finding that the Munoz plaintiffs "made a sufficient showing of excusable neglect in failing to file an opposition to the motion for summary adjudication." They base this claim on the purportedly "undisputed evidence" that the Munoz plaintiffs were aware of the summary adjudication motion because they received an email on February 3, 2021 with an attached notice of ruling stating that the motion was set for hearing on May 7, 2021.

We again find no abuse of discretion. In his reply declaration, Munoz acknowledged that he received the February 3, 2021 email, but explained that he either did not read the attached legal documents or did not understand what they meant. At the time, Munoz was still represented by his former attorney Yaspan (who was not relieved until February 19, 2021), so it was reasonable for Munoz not to read or try to understand every single court filing—and to rely on Yaspan to explain any critical developments. According to both Munoz and Goldberg, they were unaware of the pending summary adjudication motion until after the due date for the opposition had passed. Moreover, the trial court correctly noted that the formal order relieving attorney Yaspan as counsel was potentially misleading because it stated that the next hearing was the CMC on May 7, 2021, but mentioned nothing about the hearing on the summary adjudication motion.

Under section 473, subdivision (b), a mistake or neglect is excusable if a reasonably prudent person under the same circumstances might have made the same error. (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276; *Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1146.)

13

Viewing the record in the light most favorable to the trial court's ruling, we conclude that it did not abuse its discretion by finding that the Munoz plaintiffs failed to file any opposition to the motion because of their own excusable mistake or neglect.[4]

D.     *Trial Court's Oral Comments*

Finally, PL Hotel and Shivam argue that the trial court's decision to grant relief was motivated by considerations other than those allowed by section 473, subdivision (b). Specifically, defendants focus on oral comments the trial judge made at the hearing that "the 4th DCA" would not "have [his] back" if he were to deny the motion because "the 4th DCA thinks there is something here" and "[t]hree justices of that Court thought that there was something to this" case in the prior appeal.

We agree that it would have been improper for the trial court to deny the motion based on its perception that this court would automatically side with the Munoz plaintiffs simply because we did so in the prior appeal. It should have been clear that this court's prior ruling on the demurrer had no bearing on the Munoz plaintiffs' subsequent motion to set aside a later judgment in favor of other defendants due to excusable mistake or neglect.

But these oral comments do not supply a basis for reversal. A judge's comments in oral argument may never be used to impeach the final written

---

[4]     For the first time in their reply brief, PL Hotel and Shivam argue that there was no excusable mistake or neglect because attorney Goldberg should have checked the trial court's docket to see what hearings were scheduled. They have forfeited this claim by failing to include it as part of their argument on excusable mistake or neglect in the opening brief. In any event, Goldberg was not yet counsel for the Munoz plaintiffs when the deadline for the summary adjudication opposition came and went. Because the Munoz plaintiffs had no attorney representing them at the time, the only relevant question was whether their own conduct was the result of excusable mistake or neglect.

14

order.  (*Williams v. Superior Court* (2013) 221 Cal.App.4th 1353, 1361; *Silverado Modjeska Recreation & Park Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 300; *Jesperson v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 633.)  The trial court's final order gave proper and valid reasons for the ruling and contained no suggestion that it was based on improper considerations.  We cannot disregard the grounds stated in the written order and infer an improper motive for the ruling based on the trial court's off-the-cuff remarks on the record during arguments.

## DISPOSITION

The order of April 13, 2022 is affirmed.  Respondents are awarded their costs on appeal.


BUCHANAN, Acting P.J.

WE CONCUR:


KELETY, J.


CASTILLO, J.

15