Opinion
 

 SPENCER, P. J.
 

 Introduction
 

 Plaintiff Dana Link appeals from an order dismissing this action for failure to appear. The dismissal was in favor of defendants John Cater, Gary Spencer and the County of Los Angeles. We reverse.
 

 Factual and Procedural Background
 
 [1]
 

 Plaintiff filed this action for assault and battery, false arrest and false imprisonment, negligent hiring and/or retention, and violation of his civil rights under 42 United States Code section 1983 on July 10, 1990. Defendants answered the complaint on August 31, 1990. Plaintiff filed his at-issue memorandum on June 18, 1991. He requested a jury trial and estimated the time for trial to be five days.
 

 The trial setting conference was held on October 23, 1991. A mandatory settlement conference originally was set for June 22, 1992, and trial set for July 27, 1992. Both were continued a number of times; plaintiff was present in court on some of these occasions. On May 25, 1993, the case was taken off calendar and transferred to Judge Soussan G. Bruguera’s courtroom and a mandatory settlement conference was set for June 7, 1993. On June 7, a mandatory settlement conference was held; trial was set for September 13.
 
 *1318
 
 On September 13, another mandatoiy settlement conference was held; trial then was set for January 5, 1994.
 

 On January 5, 1994, plaintiff’s counsel represented that plaintiff would be undergoing surgery on January 11 and was physically unable to attend the trial. Based upon that representation, the parties stipulated to a continuance to May 9. On May 9, the case was continued again to October 31 due to plaintiff’s physical condition. On October 31, the case was continued to April 19, 1995, to accommodate plaintiff’s counsel.
 

 Either on or prior to April 7, 1995, the court gave telephonic notice that the case would be trailed to April 24, on the court’s motion. According to plaintiff, when he received word that the court had continued the case, he was ready to go to trial on April 10. On April 7, plaintiff’s counsel prepared a motion to continue the trial date from April 24 to July 10. This motion was filed on April 12. According to plaintiff’s counsel, James H. Tipler, plaintiff advised him that he had made arrangements to receive medical treatment in New York and Switzerland. He was leaving Los Angeles on April 27 and would not return until May 11,1995. Attorney Tipler stated that he would be available for trial on April 24, but he would not be available for trial after May 11 until July 10, coincidentally the date on which the five-year time period in which to bring the case to trial expired. According to Attorney Tipler, the defense was willing to stipulate to a waiver of the five-year statute if necessary.
 

 Defendants “vehemently” opposed the continuance, however. In their opposition, filed on April 18, 1995, defense counsel alleged the September 13, 1993, continuance to January 5, 1994, was at plaintiff’s request, to accommodate plaintiff’s counsel; the January 5, 1994, continuance was to allow plaintiff to obtain surgery, but plaintiff’s medical records failed to reveal any such surgery at that time; the next continuance, from the May 9, 1994, trial date, was due to plaintiff’s telephone call to his attorney at the courthouse on the trial date, representing that he required immediate medical attention and was on his way to the hospital;
 
 [2]
 
 plaintiff’s medical records did not reveal any hospitalization or surgery at that time; the next continuance, on October 31, 1994, was due to a conflict plaintiff’s attorney had. Defendants opposed the motion for another continuance for medical reasons with “no indication of the nature of such treatment, nor whether it is or is not
 
 *1319
 
 related to this case in any way.”
 
 [3]
 
 Attorney Tipler filed no response to the opposition, although, in light of the erroneous information contained in defendants’ opposition, a response was warranted.
 

 On April 24, 1995, both plaintiff and Attorney Tipler failed to appear in court; although Attorney Tipler had represented that he would be available to try the case on April 24, he was engaged in another trial. The case was trailed day to day for a week. On May 1, the case was called for trial. Plaintiff again failed to appear. Attorney Tipler did appear telephonically, although he was still engaged in a trial in another courtroom. At that time, Attorney Tipler stated that he had informed plaintiff the case had not been continued but had been trailed for one week, and “he needed to be in court on April 24.” He had telephoned plaintiff’s home and place of business and been told plaintiff was not there. All he could do was request a continuance and ask the court’s indulgence.
 

 Judge Bruguera stated that she had continued the case about five times at plaintiff’s request, reserving court time each time a continuance was granted.
 
 [4]
 
 She also had trailed the case to allow Attorney Tipler to finish his other trial. However, she stated, “I don’t think Mr. Link is interested in trying the case and I don’t think he’s cooperating with you.” Attorney Tipler responded, “Well, your honor, of course it is my duty to represent all the interests of my client and he has informed me that he is not going to be there because of his medical treatment, which is why I filed the motion. I understand your honor’s position. I must admit I don’t find his cooperation with me to be outstanding either and I’m at a loss as to what to do other than to say in representing my client’s interest that I would hope the court will wait until he returns from Switzerland to try the case.”
 

 The judge noted that the trial date had been set months ago, but plaintiff “just left.” She added, “In October I set this trial date. It’s probably the third or fourth trial date. It is my oldest case from Santa Monica. I’ve done 70 cases from Santa Monica since this case and I can’t afford to save the days anymore.”
 
 [5]
 
 She then invited defendants to move for dismissal of the case for failure to prosecute; defendants, of course, made such a motion.
 

 Attorney Tipler opposed the motion and again requested that the court allow plaintiff to return for trial after receiving his medical treatment. The
 
 *1320
 
 judge denied the request, noting, “I don’t know if he’s gone abroad. Each time he’s asked to have the trial continued for medical treatment and my understanding is that he hasn’t really gotten the treatment he tells me he’s going to get.” Attorney Tipler responded that plaintiff told him he had received the treatment. Judge Bruguera reiterated, however, that there had been too many continuances, plaintiff knew the case was set for trial on April 10,
 
 [6]
 
 there was no reason for plaintiff to fail to cooperate with his attorney by letting him know how to reach him, and she did not believe plaintiff was interested in trying the case. She granted the motion to dismiss.
 

 Contentions
 

 I
 

 Plaintiff contends that in light of California’s policy which favors trial on the merits, the trial court abused its discretion in dismissing his case for failure to appear when his counsel was engaged in another trial, rendering it impossible for trial to commence.
 

 II
 

 Plaintiff further contends the trial court abused its discretion in inviting defendants to move for dismissal without taking into account that plaintiff had diligently prosecuted his case for over four years, was absent for good cause and could not know when his trial would begin.
 

 Discussion
 

 The trial court dismissed the case pursuant to Code of Civil Procedure section 581, subdivision (Z). This section provides that the court may dismiss a complaint when a party fails to appear at trial and the other party asks for a dismissal. Plaintiff failed to appear on the date the case was set for trial; at the trial court’s invitation, defendants asked for a dismissal. The dismissal was granted.
 

 California law favors trying cases on their merits.
 
 (Salas
 
 v.
 
 Sears, Roebuck & Co.
 
 (1986) 42 Cal.3d 342, 347 [228 Cal.Rptr. 504, 721 P.2d 590].) This policy is not absolute, however.
 
 (Farrant
 
 v.
 
 Casas de la Senda Homeowners Assn.
 
 (1985) 170 Cal.App.3d 221, 227 [216 Cal.Rptr. 27].)
 
 *1321
 
 There is a countervailing policy, evidenced by the dismissal statutes, of expediting the administration of justice by compelling litigants to prosecute their actions with promptness and diligence.
 
 (Blank
 
 v.
 
 Kirwan
 
 (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58].) This prevents the prejudice that may result from the passage of time, such as lost evidence, faded memories and disappearing witnesses.
 
 (Corlett
 
 v.
 
 Gordon
 
 (1980) 106 Cal.App.3d 1005, 1016 [165 Cal.Rptr. 524].)
 

 Code of Civil Procedure section 581, subdivision (Z), provides that dismissal for failure to appear is discretionary. Thus, a trial court’s decision to dismiss under this section will be overturned only upon a showing of a manifest abuse of discretion. (Cf.
 
 Blank
 
 v.
 
 Kirwan, supra,
 
 39 Cal.3d at p. 331.) Discretion is abused when the trial court’s ruling is arbitrary, capricious, exceeds the bounds of reason or prevents a fair hearing from being held.
 
 (Ohmer
 
 v.
 
 Superior Court
 
 (1983) 148 Cal.App.3d 661, 666 [196 Cal.Rptr. 224].)
 

 A motion for a continuance is similarly addressed to the sound discretion of the trial court.
 
 (Ohmer
 
 v.
 
 Superior Court, supra,
 
 148 Cal.App.3d at p. 666.) The motion is governed by rule 375(a) of the California Rules of Court, which provides: “Continuances before or during trial in civil cases are disfavored. The date set for trial shall be firm. . . . Except for good cause, [a motion for a continuance] shall be made on written notice to all other parties. The notice shall be given and motion made promptly on the necessity for the continuance being ascertained. A continuance before or during trial shall not be granted except on an affirmative showing of good cause under the standards recommended in section 9 of the Standards of Judicial Administration. . . .”
 

 Section 9 of the California Standards of Judicial Administration provides: “To ensure the prompt disposition of civil cases, each superior court should adopt a firm policy regarding continuances, emphasizing that the date[] assigned for . . . trial must be regarded by counsel as definite court appointments. Any continuance . . . should be applied for by noticed motion, with supporting declarations .... No continuance otherwise requested should be granted except in emergencies. . . .” (Cal. Standards Jud. Admin., § 9.)
 

 Plaintiff first argues it was an abuse of discretion to dismiss his case pursuant to Code of Civil Procedure section 581, subdivision (Z), when it was impossible for him to bring the case to trial, in that his attorney was unavailable due to another scheduled trial in another court. The case was not dismissed because of his attorney’s failure to appear on the scheduled trial date, however. The case was dismissed because
 
 he
 
 failed to appear.
 

 
 *1322
 
 Plaintiff next argues the trial court abused its discretion in denying him a continuance, in that his attorney had good cause for his absence from court—he was engaged in another trial. The motion for a continuance was not based on Attorney Tipler’s engagement in another trial at the time trial in the instant case was scheduled. It was based on plaintiff’s planned trip out of state and out of the country for medical treatment.
 

 Plaintiff also claims the trial court abused its discretion in denying a continuance, in that “his absence was accidental.” The claim is disingenuous. When he requested a continuance of the trial date, he already had made plans to be out of state and out of the country to obtain medical treatment from April 27 through May 11. Attorney Tipler told plaintiff the case was trailed to April 24, and plaintiff needed to be in court on April 24. At some point, Attorney Tipler also told him he had not been granted the requested continuance. Plaintiff did not appear in court on April 24 and left no word with Attorney Tipler as to how he could be reached. Clearly, there was no accident in plaintiff’s failure to appear on April 24; he took his trip as planned.
 

 Plaintiff argues the trial court should have considered his diligence in prosecuting the case for over four years and, based on that factor, should not have dismissed the action. There is merit to this argument.
 

 Plaintiff had been prosecuting his case diligently for over four years and had appeared in court on a number of occasions. A trial setting conference was held on October 23, 1991, which plaintiff attended. A mandatory settlement conference originally was set for June 22, 1992, and trial set for July 27, 1992, in Santa Monica. The mandatory settlement conference was continued to July 16 and then to July 27. On July 27, both the mandatory settlement conference and trial were continued on the court’s motion to September 30. On September 30, a settlement conference was held and, on the joint motion of the parties, the cause was continued to February 15, 1993. According to plaintiff, he was present and participated in mandatory settlement conferences on September 30, 1992, April 30, 1993, and May 9, 1993, in Santa Monica. Following the April 30, 1993, conference, the matter was placed on the “trailing list.”
 

 On May 25, 1993, the case was restored to the trial calendar; it was transferred to Judge Soussan G. Bruguera’s courtroom in the Los Angeles County courthouse, and another mandatory settlement conference was set for June 7, 1993. On June 7, the mandatory settlement conference was held; plaintiff contends he was present. Trial was set for September 13, 1993. On September 13, yet another mandatory settlement conference was held. The
 
 *1323
 
 record reflects that plaintiff was present in court on September 13,1993, and participated in the conference. Trial was then reset for January 5, 1994.
 

 On December 6, 1993, pretrial motions were heard and argued. Plaintiff’s counsel was present.
 

 On January 5, 1994, plaintiff’s counsel represented that plaintiff would be undergoing surgery on January 11 and was physically unable to attend the trial. Based upon that representation, the parties stipulated to continue trial to May 9. On May 9,1994, the court and both counsel conferred in chambers regarding settlement. The trial was continued to October 31, 1994; the record does not indicate the reason for this continuance. The record does indicate that plaintiff was present in court on May 9. According to plaintiff, he was required to leave court late that day due to internal bleeding, requiring medical treatment. On October 31, the case was continued to April 10, 1995; this continuance was at plaintiff’s request, pursuant to a letter Judge Bruguera received from plaintiff’s counsel. Apparently, this continuance was to accommodate plaintiff’s counsel.
 

 When Judge Bruguera denied plaintiff’s motion for a continuance and invited defendants to move for dismissal of the case, the judge noted that plaintiff had on five separate occasions been granted a continuance. In fact, this observation was not correct. Continuances had been granted at plaintiff’s request three times, not five—twice, on January 5, 1994 and May 9, 1994, for him to receive medical treatment, and once, on October 31, 1994, to accommodate Attorney Tipler. On two occasions, September 30, 1993, and April 10, 1994, the case was continued on the court’s motion.
 

 In defendants’ opposition to the April 12,1994, motion for continuance of the April 24 trial date, they raised a question for the first time as to the legitimacy of the previous requests for continuances for medical treatment. Plaintiff was not asked to provide documentation for those treatments or face dismissal. On one of those two occasions, defendants even stipulated to a continuance. On the record in the instant case, absent a request or demand for documentation of the medical treatment and the opportunity to show the two motions for continuances were legitimate, they should not have been viewed as conclusive evidence that plaintiff was not interested in trying his case. The record both in Santa Monica and in Judge Bruguera’s court demonstrates that plaintiff employed a high degree of diligence in efforts to bringing his case to trial.
 

 In summary, from the inception of the case to its dismissal, trial was continued three times in Santa Monica on the court’s motion, once in Los
 
 *1324
 
 Angeles on the court’s motion, once by joint motion of the parties, once by stipulation in response to plaintiff’s need for medical treatment and three times at plaintiff’s request.
 

 Moreover, plaintiff’s final request for a continuance was not filed until April 12,
 
 after
 
 the trial court continued the case from April 10 to April 24. There is nothing in the record to show either plaintiff or Attorney Tipler was unready to try the case on April 10, 1995. In continuing the trial to April 24 with only telephonic notice after the fact, plaintiff was denied the opportunity to advise the court prior thereto of the travel plans he had already made for medical treatment in New York and Switzerland commencing on April 27. In fact, the record reflects that on April 7 plaintiff’s attorney prepared his motion for continuance to a date, convenient to the court, after May 11. Presumably, this was immediately or shortly after he received the telephonic notice. The motion clearly stated plaintiff had advised counsel he had made travel arrangements for medical treatment in New York and Switzerland; he would be leaving on April 27 and would not return until May 11; a commitment of resources in terms of time and money had already occurred.
 

 In
 
 inviting dismissal of the case, the trial court noted, “In October I set this trial date.” The court was mistaken; the date set on October 31, 1994, was April 10, 1995, not April 24. Plaintiff had estimated only a five-day trial. Had the case gone to trial on April 10, as scheduled, it would have been completed in ample time for plaintiff to leave for New York on April 27, as he had planned. Thus, the record does
 
 not
 
 show plaintiff’s action in making travel plans and medical appointments commencing April 27 either flouted the court’s order or demonstrated a lack of interest in trying the case. To the contrary, as it is clear from plaintiff’s motion for continuance, the appointments were made prior to the April 7 notice of the change which moved the trial from April 10 to April 24.
 

 It is clear the trial court was laboring under a number of misapprehensions when it invited dismissal of the case and implicitly denied plaintiff’s motion for a continuance. It believed plaintiff had requested and received more continuances than was the case; it believed, without any documentation, that the continuances to receive medical treatment were not justified, and it believed mistakenly that after notice of the April 24 trial date, plaintiff deliberately had made travel arrangements and medical appointments out of state that would clearly be in conflict. Further, it failed to consider plaintiff’s actual diligence for more than four years in attempting to bring the case to trial. According to plaintiff, he had participated in five mandatory settlement conferences and appeared for trial on five occasions. The record generally supports these contentions. Further, plaintiff had deposed seven witnesses,
 
 *1325
 
 including surgeons and medical personnel, and had subpoenaed ten witnesses, including four medical doctors, a chief orthopedic surgeon and a spinal specialist.
 

 Plaintiff’s counsel failed to correct the trial court’s misapprehensions. He did not set the record straight as to the number of continuances plaintiff had received. Although he knew defendants were challenging the legitimacy of the continuances granted so plaintiff could receive medical treatment, he failed to submit any declarations or documentation demonstrating plaintiff’s need for and receipt of medical treatment on those occasions. He did not point out that plaintiff had scheduled his medical appointments and completed travel plans before notice of the change in trial dates. It was only after the case was continued to April 24, three days before plaintiff was committed to leave Los Angeles that the need for a continuance arose. Finally, Attorney Tipler conceded plaintiff’s lack of cooperation rather than pointing out plaintiff’s diligence over the last four-plus years. Had he set the record straight, the trial court would undoubtedly have been more inclined to grant the requested continuance.
 

 In any event, under these circumstances, even assuming a penalty was warranted, clearly dismissal was too severe. The court abused its discretion in inviting dismissal of the case and refusing to grant a continuance when the imposition of a lesser sanction would have sufficed. (Cf.
 
 Wantuch
 
 v.
 
 Davis
 
 (1995) 32 Cal.App.4th 786, 794-795 [39 Cal.Rptr.2d 47];
 
 Laguna Auto Body
 
 v.
 
 Farmers Ins. Exchange
 
 (1991) 231 Cal.App.3d 481, 490-491 [282 Cal.Rptr. 530].)
 

 In
 
 Wantuch
 
 v.
 
 Davis, supra, 32
 
 Cal.App.4th 786, plaintiff failed to appear at a status conference due to his incarceration. Other than that failure to appear, he had prosecuted his case diligently. Due to his failure to appear, the trial court struck his pleadings and entered judgment against him. (At pp. 794-795.)
 

 On appeal, the judgment was reversed. The appellate court recognized the pressure the trial courts are under to expedite the processing of civil cases.
 
 (Wantuch
 
 v.
 
 Davis, supra, 32
 
 Cal.App.4th at pp. 794-795.) The policy of expediting the hearing of civil cases cannot “override, in all situations, the trial court’s obligation to hear cases on the merits [, however]. [Citations.] Preventing parties from presenting their cases on the merits is a drastic measure; terminating sanctions should only be ordered when there has been previous noncompliance with a rule or order and it appears a less severe sanction would not be effective. [Citations.] Terminating sanctions should not be ordered as a first response when noncompliance is through no fault of the party. [Citation.]”
 
 (Id.
 
 at p. 795.)
 

 
 *1326
 
 Here, there was no history of noncompliance with court rules or orders; to the contrary, plaintiff and/or his attorney had appeared in court consistently when ordered to do so. While plaintiff deliberately failed to appear on the April 24, 1995, trial date, that date was the date to which the trial court had continued the case, with no prior notice to plaintiff, after he had already made his plans to leave the country for medical treatment. Because plaintiff had no history of noncompliance and had been prosecuting his case diligently, there is no reason to believe a less severe sanction than termination, such as the imposition of a monetary sanction, would not be effective.
 
 (Wantuch
 
 v.
 
 Davis, supra,
 
 32 Cal.App.4th at p. 795.)
 

 We, too, are aware of the tremendously heavy case load in the trial courts and the pressure they are under to reduce delay and process cases expeditiously. The disposition of cases in less than the statutorily mandated time is, in our view, a welcome and laudable goal. This cannot be done, however, by imposing the ultimate sanction of termination on diligent litigants who, due to unforeseen circumstances and reasonable excuse, fail to appear when ordered to do so. The sanction imposed below is simply too severe a punishment for the transgression.
 
 (Wantuch
 
 v.
 
 Davis, supra,
 
 32 Cal.App.4th at pp. 794-795.)
 

 Moreover, to the extent the dismissal of plaintiff’s case was based on a belief plaintiff had not received or would not be receiving the medical treatment he claimed was necessary, plaintiff has presented documentation on appeal of his medical treatments and presumably would have filed such with the trial court if given a reasonable opportunity to do so upon pain of dismissal. The decision to dismiss on this record was arbitrary; plaintiff was not given a fair hearing on the matter.
 
 (Blank
 
 v.
 
 Kirwan, supra,
 
 39 Cal.3d at p. 331;
 
 Ohmer
 
 v.
 
 Superior Court, supra,
 
 148 Cal.App.3d at p. 666.)
 

 The order is reversed. Plaintiff is to recover costs on appeal.
 

 Masterson, J., and Dunn, J.,
 
 *
 
 concurred.
 

 A petition for a rehearing was denied February 5, 1998, and respondents’ petition for review by the Supreme Court was denied April 22, 1998.
 

 [1]
 

 Additional facts will be set forth in the discussion as they become pertinent.
 

 [2]
 

 This representation is contrary to the minute order of the May 9, 1994, session which reflects plaintiff actually was present in court on that date.
 

 [3]
 

 The opposition did not contain any documentation, such as medical records, to support defense counsel’s allegations.
 

 [4]
 

 The minute orders reflect the case was continued by Judge Bruguera at plaintiff’s request three not five
 
 times—twice
 
 due to plaintiff’s illness and once to accommodate Attorney Tipler’s schedule.
 

 [5]
 

 In actuality, in October the trial was set for April 10, 1995, not April 24. There is nothing in the record to indicate that plaintiff and Attorney Tipler were not available to try the case on April 10 or that they would not have appeared on that date had not the court, prior to April 10,
 
 *1320
 
 notified them that the case was continued to April 24 on the court’s own motion. The case was then trailed to May 1, as Attorney Tipler was in trial.
 

 [6]
 

 Again, the court misstated the record as the parties were in effect notified not to appear on April 10.
 

 *
 

 Judge of the Municipal Court for the Long Beach Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.