Filed 5/14/14  Kvassay v. Kvassay CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROBERT V. KVASSAY, as Trustee, etc., | B246941 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BP122477) |
| v. | |
| RICHARD S. KVASSAY et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County.  Reva G. Goetz, Judge.  Affirmed.

Troy A. Stewart for Defendants and Appellants.

Rossakow/Greene & Tan and Lisa Tan for Plaintiff and Respondent.

Appellants Peter and Richard Kvassay (collectively, appellants) appeal from a judgment awarding Robert Kvassay[1] $196,660 in damages for the lost value of the use and occupancy of certain real property located at 1554 Hill Drive in Los Angeles during the pendency of a prior appeal by appellants of an order evicting them from the property. Appellants also appeal from the trial court's order releasing to Robert $196,660 from a $216,000 cash deposit they posted to stay enforcement of the eviction order during the pendency of the prior appeal. We affirm the judgment and the order releasing a portion of the cash deposit.

## BACKGROUND

### The prior appeal

The Hill Drive property is the sole asset of a family trust in which Peter, Richard, and Robert each has a one-third beneficial interest. In a previous action, Robert, as trustee of the family trust, petitioned for an order evicting appellants from the property, and the trial court in that action issued an order evicting appellants and directing the sale of the property. Appellants appealed the eviction order and posted a $216,000 cash deposit in lieu of a bond or undertaking to stay enforcement of the order pending their appeal. While that appeal was pending, appellants continued to reside at the Hill Drive property, made no payments for their occupancy, and contributed no payments toward the operation and maintenance of the property. All necessary payments for the property were made by Robert from his personal funds, because the family trust that owns the property has no liquid assets.

This court adjudicated appellants' appeal from the eviction order and on February 3, 2012, issued an opinion affirming that order in its entirety. The California Supreme Court denied appellants' petition for review. The remittitur was issued on May 9, 2012.

### Richard's bankruptcy filing

While the prior appeal was pending, Richard filed a voluntary Chapter 11 bankruptcy petition. Richard did not list Robert as a creditor in the bankruptcy

---

[1] Because the parties share the same surname, we refer to them hereafter by their first names to avoid confusion.

2

proceeding nor did he give Robert notice of the bankruptcy filing. Richard did not disclose in his bankruptcy filing either the eviction order or the $216,000 cash deposit he posted to stay enforcement of that order.

Richard's Chapter 11 case was subsequently converted to a Chapter 7 bankruptcy. The Chapter 7 trustee learned that Richard, Peter, and Robert were involved in litigation involving the Hill Drive property, that the litigation included an appeal of the eviction order, and that Richard and Peter had posted a cash bond in the amount of $216,000 to stay enforcement pending the appeal. The trustee obtained leave from the bankruptcy court to investigate Richard's beneficial interest and potential liability in connection with those matters.

When Robert learned of Richard's bankruptcy filing, he promptly moved for relief from the automatic stay with respect to the trust litigation in which the eviction order had been issued. The bankruptcy court granted the motion, and on October 19, 2011, authorized Robert to proceed in the state court action to final judgment, including any appeals, in accordance with applicable non-bankruptcy law.

The bankruptcy court subsequently authorized the Chapter 7 trustee to abandon all of the estate's right, title, and interest in the following assets: (1) the trust litigation, Los Angeles Superior Court case No. BP122477; (2) the $216,000 cash deposit posted in connection with the trust litigation; and (3) Los Angeles Superior Court case No. BC473480.

Richard thereafter filed in the bankruptcy court a complaint for violation of automatic stay, alleging that Robert willfully violated the automatic stay provisions of sections 362(a)(1) and (a)(6) of the Bankruptcy Code (11 U.S.C. § 362) by filing the motion to release the $216,000 cash deposit; (2) obtaining the judgment against Richard to enforce the appeal bond; (3) obtaining the order releasing the cash deposit; and (4) taking possession of $192,660 of the cash deposit.

In response to Richard's bankruptcy court complaint, Robert filed a motion to dismiss. The bankruptcy court granted Robert's motion, ruling that its prior order lifting the automatic stay allowed Robert to proceed to final judgment in the probate court

3

litigation, including any appeals. The bankruptcy court further found that bankruptcy estate funds were not used to post the cash deposit in lieu of the appeal bond but that the funds had been provided by a third party.

On September 9, 2013, the bankruptcy court granted Richard a discharge.

**Peter's bankruptcy filing[2]**

Peter filed a voluntary Chapter 7 bankruptcy petition on September 5, 2012, the day of the evidentiary hearing on Robert's motion to release the cash deposit appellants posted to stay enforcement of the eviction order. Robert filed in the bankruptcy court a motion for relief from the automatic stay. The bankruptcy court issued an order on November 16, 2012, granting the motion for relief from the stay, annulling the automatic stay retroactively to September 5, 2012, and authorizing Robert to proceed to final judgment in the trust litigation, provided that Robert join the bankruptcy trustee as a real party in interest in the state court actions and refrain from taking any action to enforce any state court judgment without further order from the bankruptcy court.

On January 8, 2013, the bankruptcy court granted Peter a discharge.

Peter then moved to reopen his bankruptcy case and on June 16, 2013, filed a complaint for violation of automatic stay and contempt for violation of the discharge injunction against Robert. In his complaint, Peter alleged that Robert's motion to release the cash deposit posted by Peter and Richard violated the automatic stay. Peter conceded, however, the trustee had submitted a declaration stating that he had no intention of making a claim to the deposit funds at issue and that he did not object to the superior court continuing with its proceeding in his absence.

In response to Peter's complaint, Robert filed a motion for relief from stay nunc pro tunc. At the hearing on Peter's complaint and Robert's motion, the bankruptcy court found that it had previously entered an order lifting the automatic stay as to the pending state court litigation and permitted the parties to proceed to final judgment. The bankruptcy court further found that the closing of Peter's bankruptcy case terminated the

---

**2**    We granted appellants' request for judicial notice filed on February 25, 2014.

4

automatic stay. The court dismissed Peter's complaint and denied Robert's motion for relief from the automatic stay.

**The instant appeal**

On June 26, 2012, Robert filed a motion to release the cash deposit appellants had posted to stay enforcement of the eviction order.[3] Robert's motion was served on June 28, 2012, and scheduled for hearing on August 6, 2012. At the August 6, 2012 hearing, the trial court set an evidentiary hearing on the value for appellants' use and occupancy of the property during the pendency of the prior appeal. The court denied appellants' request for a 90-day continuance to enable them to conduct discovery and set September 5, 2012, as the date for the evidentiary hearing. The trial court specified that the value for the use and occupancy of the property was the sole issue to be tried at the hearing and that the parties could present expert testimony on that issue.

At the September 5, 2012 evidentiary hearing, Robert presented expert witness testimony that the reasonable rental value of the Hill Drive property during appellants' occupancy while the prior appeal was pending was $15,000 per month. There was also evidence that three guest houses on the property were rented out to tenants and generated rental income of $4,600 per month.

Richard testified that Robert had restricted appellants' access to the property by locking the doors to certain rooms and by physically preventing them from entering portions of the property during social events he hosted on the property. Robert testified in response that Richard had installed the locks on the property to prevent Peter from committing waste in areas of the house that had been remodeled, and that Richard had keys to all of the locks.

At the conclusion of the hearing, the trial court found that the reasonable rental value of the property was $15,000 per month. The court reduced that amount by $4,600 -- the amount of monthly rental income generated by the guest houses on the property -- to a value of $10,400 per month. The court found that appellants' liability on the appeal

---

[3]    Robert filed a premature motion for release of the deposit on April 23, 2012, prior to issuance of the remittitur. That motion was denied on June 6, 2012.

5

bond ran from October 7, 2010 through May 21, 2012, or 19 and a half months. The court multiplied the $10,400 monthly rental value by 19 and a half months and arrived at a sum of $202,800. The trial court then further reduced that sum by five percent, to account for appellants' inability at times to use certain portions of the property and arrived at a final amount of $192,660. The trial court ordered the release of funds in that amount from the cash deposit posted by appellants and that judgment in the amount of $192,660 be entered against Richard and Peter, jointly and severally.

A written order entering judgment against Richard and Peter, jointly and severally, in the amount of $192,660 was issued on December 12, 2012. On January 16, 2013, the trial court issued a written order releasing to Robert $192,660 of the cash deposit posted by Peter and Richard in lieu of an appeal bond. The court ruled that the balance of the $216,000 cash deposit would "be held for determination by the United States Bankruptcy Court where both Peter and Richard have pending cases." That order was subsequently amended to direct the clerk of the Los Angeles County Superior Court to pay Robert $192,660 from the cash funds held on deposit in lieu of an appeal bond for Richard and Peter. Robert thereafter took possession of $192,660 of the $216,000 cash deposit from the clerk of the Los Angeles County Superior Court by executing on the trial court's amended order.

This appeal followed.

### APPELLANTS' CONTENTIONS

Appellants contend the trial court's judgment against them is void under Bankruptcy Code section 524(a)(1) (11 U.S.C. 524)[4] and that this court lacks jurisdiction to affirm the judgment. Appellants further contend the trial court lacked jurisdiction to impose the judgment and to order the release of funds from the cash deposit they had posted to stay enforcement of the eviction order while the prior appeal was pending. Appellants claim that the trial court abused its discretion by denying them the right to conduct discovery under Code of Civil Procedure section 996.440, subdivision (d) and

---

[4] All further statutory references are to the Bankruptcy Code (11 U.S.C.) unless otherwise indicated.

6

that the trial court committed reversible error by refusing to apply Code of Civil Procedure section 917.4 to determine their liability for use and occupancy of the Hill Drive property pending their appeal of the eviction order.

## DISCUSSION

## I.  Validity of the judgment under section 524 and appellants' jurisdictional challenge

Appellants, who filed the instant appeal seeking to overturn the trial court's judgment, raise a puzzling jurisdictional challenge to this court's authority to review that judgment.  They argue that the judgment entered against them was void under sections 524(a)(1) and 727(b) and that we lack jurisdiction to affirm the judgment.  But "'[l]ack of jurisdiction in this "fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." [Citation.]'  [Citations.]"  (*Fireman's Fund Ins. Co. v. Workers' Comp. Appeals Bd.* (2010) 181 Cal.App.4th 752, 767.)  Such an absence of jurisdiction would preclude us from either affirming or reversing the judgment and would necessitate dismissal of the appeal.  Dismissal of this appeal is not necessary, however, as we have jurisdiction to review appellants' claims.

### A.  Relevant Bankruptcy Code provisions

Appellants' arguments raise issues regarding the interplay of sections 362, 727, and 524, and bankruptcy and state court jurisdiction over proceedings concerning those statutory provisions.

Section 362 provides that the filing of a bankruptcy petition stays all legal proceedings against the debtor.  (§ 362(a).)  The automatic stay imposed by section 362 may be lifted pursuant to an order by the bankruptcy court, as was the case here. (§ 362(c).)  The stay is dissolved upon the earliest of the closing of the case, the dismissal of the case, or when a discharge is granted or denied to the debtor.  (*Ibid.*)

Section 727 provides that a debtor will be discharged from all debts that arose before the date of the order for relief except nondischargeable debts.  (§ 727(b).)  If a discharge is granted, the automatic stay imposed by section 362 is replaced by a

7

permanent injunction under section 524, which enjoins creditors from attempting to collect from the debtor or the debtor's assets any debt that was discharged in bankruptcy.**5** (§ 524; *Watson v. Shandell (In re Watson)* (Bankr. 9th Cir. 1996) 192 B.R. 739, 748-749 (*Watson*).)

The Bankruptcy Code's "'injunctive provisions form a comprehensive scheme to protect the debtor and estate assets from precipitous creditor actions which might frustrate the purposes of the bankruptcy proceedings.' [Citation.]" (*Watson, supra*, 192 B.R. at p. 749.)

*B.  The judgment is not void under section 524 and this court has jurisdiction to affirm the judgment*

State courts and bankruptcy courts have concurrent jurisdiction over proceedings arising under or related to cases under the Bankruptcy Code. (28 U.S.C. § 1334(b); *Watson, supra*, 192 B.R. at p. 746.) "It is settled law that bankruptcy courts do not have exclusive jurisdiction in determining the applicability of the automatic stay. [Citation.] A discharge is a 'special type of permanent injunction' which replaces the automatic stay after discharge is entered. [Citation.]" (*Watson, supra*, 192 B.R. at p. 746.) State courts accordingly have jurisdiction to determine the applicability of the discharge injunction imposed by section 524. (*Ibid.*)

In the instant case, once the bankruptcy court lifted the stay allowing the trust litigation to continue, the trial court had jurisdiction to rule on the applicability of the discharge injunction and to impose judgment against appellants. (*Watson, supra*, 192 B.R. at pp. 746, 749 [after automatic stay was lifted as to litigation concerning collection of accounts, section 524 injunction did not bar state court action for collection of accounts following debtor's discharge]. ) The judgment entered against appellants is not

---

**5**     Section 524(a) states that a discharge "(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727" and "(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

8

void under section 524 (*Watson*, at p. 749), and this court has jurisdiction to review and affirm that judgment.

## II. Validity of order releasing the cash deposit posted in lieu of an appeal bond

Appellants contend the trial court failed to comply with the procedural requirements of Code of Civil Procedure section 996.440, subdivision (c), which requires 30 days notice before a hearing on a motion to enforce liability on an appeal bond. Appellants further contend the trial court failed to comply with subdivision (d) of section 996.440, which requires the court, upon a showing by the party opposing the motion that triable issues of fact exist, to (1) specify the issues to be tried and (2) allow sufficient time for any discovery proceedings that might be requested.[6] They claim they were not served with sufficient notice of Robert's motion to release the cash deposit before the hearing on that motion; that the trial court erred by denying their request for a 90-day continuance to enable them to conduct discovery before the evidentiary hearing on the motion; and that these procedural errors deprived the trial court of jurisdiction to order the release of the cash deposit.

### A. Timeliness of notice

Appellants' jurisdictional argument premised on the purported untimely service of Robert's notice of motion and motion to release the cash deposit is without merit, as it directed to the previous motion Robert filed prematurely on April 23, 2012, before issuance of the remittitur following appellants' unsuccessful appeal of the eviction order. The trial court denied that motion on June 6, 2012. The operative motion that is the

---

[6] Code of Civil Procedure section 996.440 subdivision (c) provides that notice of a motion to enforce liability on a bond given in an action or proceeding "shall be served on the principal and sureties at least 30 days before the time set for hearing of the motion." Subdivision (d) of that statute states: "Judgment shall be entered against the principal and sureties in accordance with the motion unless the principal or sureties serve and file affidavits in opposition to the motion showing such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact. If such a showing is made, the issues to be tried shall be specified by the court. Trial shall be by the court and shall be set for the earliest date convenient to the court, allowing sufficient time for such discovery proceedings as may be requested."

9

subject of this appeal was served on June 28, 2012, and scheduled for hearing 39 days later on August 6, 2012. The 30-day notice requirement under Code of Civil Procedure section 996.440, subdivision (c) was thus satisfied.

### B. Denial of continuance and discovery

At the August 6, 2012 hearing, the trial court set a September 5, 2012 evidentiary hearing on the sole issue to be tried in connection with Robert's motion -- the reasonable rental value of the property during appellants' occupancy while the prior appeal was pending. The court denied appellants' oral request for a 90-day continuance of the hearing to enable them to conduct discovery on that issue.

On August 13, 2012, appellants' counsel sent a letter to Robert's counsel asking that the parties stipulate to an expedited discovery schedule. Robert's counsel agreed to exchange expert designations and reports; to make the Hill Drive property available for inspection between 10:00 a.m. and noon the entire week of August 27, 2012; and to provide all bills and documents regarding the carrying costs for the Hill Drive property. Appellants did not inspect the Hill Drive property during the week it was made available to them.

The record shows that appellants had ample opportunity to conduct any discovery they deemed necessary to oppose Robert's motion. Robert's motion was served on June 28, 2012. The initial hearing on that motion took place 39 days later, on August 6, 2012. At the August 6 hearing, the trial court stated that the sole issue to be tried was the fair rental value of the property during pendency of the prior appeal and accorded appellants 30 days in which to designate expert witnesses, to inspect the property, and to conduct any discovery they deemed necessary.

Appellants did not propound any discovery until August 15, 2012, when they served a demand for exchange of expert witness information that required the parties to identify expert witnesses and to produce any expert reports and writing by September 4, 2012. Robert timely designated Glen Kangas as an expert to testify at trial. Despite having made the demand for exchange of expert witness information, appellants failed to designate any expert to testify at trial.

10

"'Management of discovery generally lies within the sound discretion of the trial court' [citation]" (*Maldonado v. Superior Court* (2002) 94 Cal.App.4th 1390, 1396-1397), as is the granting or denial of a motion for a continuance (*Link v. Cater* (1998) 60 Cal.App.4th 1315, 1321). Appellants failed to establish any abuse of discretion by the trial court.

### III. Measure of liability

Appellants contend the trial court committed reversible error by considering Robert's evidence of the reasonable rental value of the Hill Drive property as the measure for determining their liability under the appeal bond. They maintain that under Code of Civil Procedure section 917.4, the proper measure was (1) the damage caused by any waste appellants allowed to be committed on the property, and (2) "the value of the use and occupancy of the property . . . from the time of the taking of the appeal until the delivery of the possession of the property" (Code Civ. Proc., § 917.4)[7], and that the trial court erred by refusing to consider their evidence of the value of their use and occupancy of the Hill Drive property.

Because appellants failed to designate any expert witness to testify at the trial, the trial court properly precluded them from presenting expert testimony on the value of the property. (Code Civ. Proc., § 2034.260.) The only evidence concerning the value of the Hill Drive property was the testimony of Robert's expert, Glen Kangas, who opined that the reasonable rental value of the property was $15,000 per month. The trial court did

---

**7** Code of Civil Procedure section 917.4 provides in part: "The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order appealed from directs the sale, conveyance or delivery of possession of real property which is in the possession or control of the appellant or the party ordered to sell, convey or deliver possession of the property, unless an undertaking in a sum fixed by the trial court is given that the appellant or party ordered to sell, convey or deliver possession of the property will not commit or suffer to be committed any waste thereon and that if the judgment or order appealed from is affirmed, or the appeal is withdrawn or dismissed, the appellant shall pay the damage suffered by the waste and the value of the use and occupancy of the property, or the part of it as to which the judgment or order is affirmed, from the time of the taking of the appeal until the delivery of the possession of the property."

11

not err by relying on the expert testimony as the basis for determining appellants' liability to Robert for their use and occupancy of the property during the pendency of the prior appeal and the amount of funds to be released from the cash deposit they posted in lieu of an appeal bond in order to discharge that liability.

Despite appellants' arguments to the contrary, the record shows that the trial court did consider appellants' evidence of their use and occupancy of the property -- specifically, their inability at times to use the property because of Robert's use. The trial court found there was "some validity" to appellants' claims that they were at times precluded from using the property and reduced by five percent the amount the court had determined to be the reasonable rental value of the property as "a fair resolution" of those claims. The record discloses no error on the part of the trial court.

## DISPOSITION

The order directing the clerk of the Los Angeles Superior Court to pay to Robert $192,660 from the cash deposit posted by appellants in lieu of an appeal bond is affirmed, as is the judgment fixing appellants' liability under the appeal bond in that amount. Robert is awarded his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
           CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST


12