Filed 8/16/24  Ramirez v. FPI Management CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| MARTIN RAMIREZ, | |
| Plaintiff and Appellant, | E079749 |
| v. | (Super.Ct.No. CIVDS1904895) |
| FPI MANAGEMENT, INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Reversed with directions.

Martin Ramirez, in pro. per., for Plaintiff and Appellant.

Horton, Oberrecht & Kirkpatrick and Kimberly Suzanne Oberrecht for Defendants and Respondents.

Plaintiff and appellant Martin Ramirez (Ramirez) appeals the judgment dismissing his personal injury lawsuit with prejudice in favor of defendants and respondents FPI

1

Management Inc. (FPI) and IVC Grand Terrace Capital, LLC (IVC; collectively, Defendants).[1]

In 2019, Ramirez filed a complaint in which he claimed to have fallen and sustained injuries at his apartment complex, which was managed by FPI and owned by IVC. Ramirez brought a lawsuit against Defendants for personal injuries he sustained when he fell. The matter was continued numerous times until it was finally set for trial on February 28, 2022. Ramirez, who was representing himself, failed to appear at trial and the matter was dismissed at the request of Defendants.

Ramirez claims on appeal "The trial court improperly railroaded a pro per litigant throughout the course of the entire court proceedings instead of following established bench procedures." He claims that the order dismissing his case was a clear abuse of discretion because the case was "not at issue" given that six of the eight defendants had not responded to the lawsuit. Moreover, he advised the trial court and Defendants' counsel that he was very ill and would not be present in court for the trial. Ramirez makes an indecipherable statement about refusing to be subject to an independent medical exam because of risk of Covid, requiring reversal of evidentiary sanctions that were ultimately imposed by the trial court. He seeks to have the dismissal order overturned, default entered as to the six defendants who did not respond to his second amended complaint, and that this court order a new trial with a reversal of the evidentiary sanctions.

---

[1] This appeal is limited to FPI and IVC as these entities are the only defendants named in the June 2, 2022, judgment that is being appealed.

**FACTUAL AND PROCEDURAL HISTORY**

Despite there being over 4,600 pages of clerk's transcript and several hundred pages of reporter's transcript, Ramirez only provides a few citations to the clerk's transcript and one citation to the reporter's transcript in his appellate briefs.[2] We will provide a brief summary of the proceedings relevant to the issues Ramirez appears to raise on appeal based on our own review of the record.

A.      ORIGINAL AND FIRST AMENDED COMPLAINT

On February 15, 2019, Ramirez filed a personal injury complaint against "FPI Management, Inc, Investcorp DBA" (hereafter, InvestCorp). He alleged causes of action for premises liability and fraud. He sought wage loss, hospital and medical expenses and loss of earning capacity. He sought compensatory and punitive damages.

As for the facts supporting the premises liability cause of action, he claimed that he fell as a result of an unsafe sidewalk condition due to lack of maintenance and lighting. He alleged that an insurance claims adjuster, Christopher Cate, who was an agent for the insurance company that insured the apartment complex, engaged in fraud by under measuring the unsafe defect that caused his injury. Cate measured the defect in the sidewalk as .86 inches but the defect was in fact over one and one-half inches.

On August 15, 2019, Ramirez appeared in court but FPI and InvestCorp were not present and it appeared they had not been served with the complaint. Ramirez was given

---

[2] Ramirez also refers to evidence he provided in a motion to augment the record filed on January 19, 2024. On February 9, 2024, we reserved ruling on Ramirez's motion; we hereby deny the motion to augment because the materials Ramirez requests are not relevant to the issues on appeal.

60 days to serve FPI and InvestCorp. On October 16, 2019, Ramirez returned to court and still had not served the complaint. He advised the trial court he was going to file an amended complaint. The trial court gave him 60 additional days to serve FPI and InvestCorp. On December 16, 2019, Ramirez filed a request for default against InvestCorp, which he claimed was doing business under many names. Ramirez appeared in court and claimed to have served FPI and InvestCorp. The trial court advised Ramirez the proofs of service had been rejected. Another continuance was granted to perfect service.

On December 26, 2019, Ramirez filed a first amended complaint (FAC) that included doe amendments naming Christopher Cate, California Capital Insurance Company, Ryan Lewis, Andrew Doll, Cynthia Mehrtens, L. Arnold Chatterhon, Catherine Gayer, John Contreras and Dennis Treadaway. In the FAC, he changed the name of InvestCorp to InvestCorp dba IVC Grand Terrace Capital, LLC., herein IVC. The FAC included fraud and premises liability claims against all new defendants, FPI and IVC.

Ramirez filed a declaration alleging that he was 55 years old and sustained severe bodily injuries while on the premises of Highland Apartments in Grand Terrace. FPI was the management company for Highland Apartments. He identified the role of the each of the parties added to the FAC. He insisted he had incurred numerous medical expenses and other damages.

4

Numerous documents not relevant to this appeal were filed in regards to service of the FAC by Ramirez, a default entered in favor of Ramirez against FPI and InvestCorp, and the trial court setting aside the default.

FPI and IVC filed a demurrer to the second cause of action for fraud. They alleged that Ramirez had failed to properly plead a cause of action for fraud. The other defendants filed a demurrer to the FAC and a motion to strike portions of the FAC.

Ramirez responded to the demurrer filed by FPI and IVC seeking several remedies including striking the demurrer and terminating sanctions. He attached numerous exhibits. He filed opposition to the demurrer and motion to strike filed by the other defendants. FPI and IVC filed a response to the opposition to the demurrer to the FAC.

A hearing on the demurrers filed by FPI and IVC and the other defendants was held on March 2, 2020. The trial court granted the demurrer on the fraud cause of action against FPI with leave to amend within 20 days. Ramirez's motion to strike the demurrer was denied and the trial court refused to take judicial notice of any documents proffered by Ramirez. The demurrer filed by the other defendants was sustained with leave to amend. After the hearing, Ramirez filed numerous documents; and FPI and IVC filed responses, but these documents are not relevant here.

B.     SECOND AMENDED COMPLAINT

On July 14, 2020, defendant filed the second amended complaint (SAC). The SAC was filed against FPI and IVC. In addition, it included InvestCorp Bank B.S.C., John Contreras, Dennis Treadaway, Catherine A. Gayer, Sarah K. Sorensen and Kimberly S. Oberrecht. He again alleged to have been injured at the Highland

Apartments in Grand Terrace on February 16, 2017. He incurred medical expenses due to the injury. He had lost his employment due to the injury.

His first cause of action was for premises liability against FPI and IVC; and InvestCorp, John Contreras and Dennis Treadaway. The theories of premises liability included negligence and willful failure to warn. His second cause of action was for fraud against Gayer, Sorensen and Oberrecht. He also filed a motion for terminating sanctions and asked for judicial notice of records. FPI and IVC filed opposition to the motion for terminating sanctions. Ramirez filed a reply.

A hearing was held on July 16, 2020. Defendant had failed to serve the SAC and was ordered to do so by the trial court.

FPI and IVC filed an answer to the SAC raising several affirmative defenses including contributory negligence, comparative fault of codefendants, negligence on the part of third parties, statute of limitations and numerous other defenses. Counsel for IVC filed a declaration that IVC had not been properly served with the SAC. Counsel also acknowledged that IVC was the owner of the apartment complex where the alleged injury occurred.

Ramirez sought dismissal without prejudice of Cate, California Capital Insurance Company, Lewis, Doll, Mehrtens and Chatterton, the defendants named in the FAC. Dismissal of the parties was entered on July 22, 2020. At a hearing on August 13, 2020, the trial court denied Ramirez's motion for terminating sanctions. Ramirez and Defendants then filed numerous motions and documents regarding discovery in the case, which are not relevant here.

6

On October 14, 2020, trial setting conference was held. FPI and IVC waived jury trial but Ramirez wanted a jury trial. On October 15, 2020, Ramirez filed his demand for jury trial. He attested that he had posted the jury fees. He submitted a statement of damages.

On February 18, 2021, FPI and IVC brought an ex parte application to compel an independent medical exam (IME) of Ramirez by Dr. Geoffrey M. Miller. The exam was schedule for February 23, 2021. Ramirez was refusing to attend the IME based on his concern of contracting Covid. Dr. Miller and his staff would take all precautions in line with Covid protocols. FPI and IVC had been trying to have Ramirez submit to an IME since November 2020. The ex parte was heard on February 19, 2021. The trial court advised the parties that the trial date would be continued so the IME could take place at a later date.

On April 1, 2021, IVC and FPI filed a motion for summary judgment on the sole cause of action for premises liability. They insisted the trivial defect in the sidewalk did not subject them to premises liability.

Ramirez filed opposition to the motion for summary judgment as he contended it was disputed as to whether the defect in the sidewalk was trivial. The motion for summary judgment was denied on June 17, 2021. The trial court found that there was a triable issue of fact as to whether the sidewalk defect was trivial.

On April 22, 2021, FPI and IVC filed a motion to compel Ramirez to submit to an IME. Ramirez objected to the in-person visit due to concerns regarding Covid. Ramirez filed further opposition claiming he would agree to the IME only if he was provided

7

proof that the doctor and his staff had been fully vaccinated from Covid or the exam be telephonic. FPI and IVC had failed to provide such proof of vaccination. FPI and IVC filed a reply to Ramirez's opposition to the IME. The IME was scheduled for June 15, 2021. Ramirez had refused to attend the scheduled IME for May 18, 2021. Defendants were seeking sanctions for Ramirez's failure to attend the exam. On June 1, 2021, the trial court ordered that IME go forward in person. It was scheduled for July 27, 2021.

On August 6, 2021, FPI and IVC brought a motion for terminating sanctions and/or issue sanctions. Ramirez went to the IME on July 27, 2021. He arrived with two women and all three were wearing full hazmat suits. Dr. Miller advised Ramirez that he had to remove the hazmat suit in order to be examined. Ramirez refused and demanded to see the doctor's vaccination record. Dr. Miller provided a report and could provide an audio recording of the visit.

Ramirez objected to the motion for terminating sanctions. Ramirez insisted he was willing to participate in the exam but would not remove his hazmat suit due to concerns about Covid. He sought to submit to the trial court a video and audio recording of the visit to Dr. Miller. He insisted that he was wearing a thin isolation gown and not a hazmat suit; the exam could have been performed.

On September 8, 2021, all of the motions regarding terminating sanctions, discovery and requests for entry of default were heard by the trial court. The trial court denied Ramirez's motion for terminating sanctions. The trial court noted that the motion for terminating sanctions filed by FPI and IVC was a "close call." The trial court found that Ramirez willfully violated its order to submit to the IME. The trial court granted the

8

lesser sanction of evidentiary sanction as to Ramirez's claim for bodily injury and lost wages. The matter was set for trial readiness.

C.     CONTINUANCES AND TRIAL

The matter was called on September 9, 2021. The trial court stated it was setting the case for trial to begin on "Monday at 1:30 [p.m.] Ramirez stated that he had "seven surgeries because I'm in a lot of pain, for that week." Ramirez insisted he was scheduled for surgery and requested a continuance. The trial court requested a doctor's note but Ramirez insisted he did not need a doctor's note in order to be granted a continuance. Ramirez requested a six-month continuance. Counsel for FPI and IVC objected to any continuance. The trial court stated that it was good cause if Ramirez was having surgery but there needed to be some sort of evidence. Ramirez was given until September 16, 2021, at 8:30 a.m., to provide evidence of the surgery. The jury trial would be set for September 20, 2021 at 10:00 a.m.

On September 14, 2021, Ramirez filed a declaration. He submitted a declaration from Dr. Hamid Fadavi who claimed he was treating Ramirez with injections and he needed hip surgery. There was no signature on Dr. Fadavi's declaration.

The matter was heard on September 16, 2021. Counsel for FPI and IVC objected to a continuance as there was no surgery scheduled. The trial court was willing to give Ramirez the benefit of the doubt for the continuance but requested a signed declaration from Dr. Fadavi. The trial court granted a 90-day continuance to December 16, 2021. The trial date was set for December 20, 2021. Ramirez filed numerous motions before the hearing that are not relevant here.

9

Trial was again continued to January 6, 2022, and then continued for a trial readiness conference on February 24, 2022, and trial on February 28, 2022. Defendant filed a request for a continuance of trial on February 23, 2022. He wanted until July 17, 2022, in order to have his "Trial Team" available. On February 24, 2022, at the trial readiness hearing, counsel for FPI and IVC objected to any continuance. Ramirez insisted he needed to find a new set of attorneys to help him with trial. The trial court denied the motion to continue. Trial was set for 10:00 a.m. on February 28, 2022. Ramirez responded, "I can't. I can't." The trial court refused to consider continuing the trial. Ramirez stated he would file a change of venue motion because he could not possibly obtain a fair trial.

On February 28, 2022, the case was called for trial. Ramirez failed to appear. Counsel for FPI and IVC made an oral motion to dismiss the case. The trial court noted that it may have considered continuing the trial if an attorney had appeared for Ramirez and requested a continuance or Ramirez requested a special accommodation to appear remotely. Ramirez had not appeared. The motion to dismiss the case with prejudice for Ramirez's failure to appear for trial was granted by the trial court.

The judgment dismissing the case with prejudice was filed on June 2, 2022. FPI and IVC were the prevailing parties and entitled to costs. The judgment was served on Ramirez on June 28, 2022. On August 26, 2022, Ramirez filed his notice of appeal and this appeal has been limited by this court to FPI and IVC.

**DISCUSSION**

Ramirez makes several claims on appeal, which we will discuss *post*. The only claim cognizable on appeal is whether the trial court abused its discretion by dismissing the case when he failed to appear on the date set for trial.

"California law favors trying cases on their merits. [Citation.] This policy is not absolute, however. [Citation.] There is a countervailing policy, evidenced by the dismissal statutes, of expediting the administration of justice by compelling litigants to prosecute their actions with promptness and diligence. [Citation.] This prevents the prejudice that may result from the passage of time, such as lost evidence, faded memories and disappearing witnesses." (*Link v. Cater* (1998) 60 Cal.App.4th 1315, 1320-1321.)

Here, the trial court did not state the grounds upon which it was dismissing the case. However, the record demonstrates that the dismissal was undoubtedly based on Ramirez's failure to appear on the trial date and failing to provide any explanation to the trial court for his absence. There is no dispute that Ramirez did not appear on the date set for trial. Accordingly, we perceive this to be a dismissal for failure to appear under Code of Civil Procedure section 581, subdivision (b)(5) or (l).[3]

Section 581, subdivision (b)(5) provides that an action may be dismissed "by the court, without prejudice, when either party fails to appear on the trial and the other party appears and asks for dismissal." Subdivision (l) of section 581 provides, "[t]he court may dismiss, without prejudice, the complaint in whole, or as to that defendant when either

_____

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

11

party fails to appear at the trial and the other party appears and asks for the dismissal." We review the trial court's decision to dismiss the matter for abuse of discretion. (*Link v. Cater*, *supra*, 60 Cal.App.4th at p. 1321.)

The trial court determined that the case must be dismissed based on Ramirez's failure to appear. The matter had been continued on numerous occasions, including at the request of Ramirez. In fact, Ramirez does not contend that the trial court erred by refusing to continue the case on the date set for trial. The trial court stated that had counsel appeared for Ramirez, or if Ramirez had requested accommodations to appear remotely, it would have considered the request rather than dismiss the case. Ramirez left the trial court with no choice but to dismiss the case by failing to appear and providing no excuse for his absence. The trial court did not abuse its discretion by dismissing the case based on Ramirez's failure to appear for trial, which had previously been continued several times.

We do note that the trial court stated it was dismissing with prejudice and the judgment states the case was dismissed with prejudice. However, subdivisions (b)(5) and (l) of section 581 are limited to dismissal *without* prejudice. FPI and IVC recognize that the judgment will need to be modified if the dismissal was pursuant to these sections. As such, the trial court erred by dismissing the case with prejudice. We will order remand for the court to enter an order dismissing the action without prejudice.[4]

---

[4] Defendants argue that the dismissal was based on the trial court's inherent power to control court business. Nothing in the record supports this claim. It is reasonable that the trial court dismissed based on Ramirez's failure to appear and dismissal is supported by section 581, subdivisions (b)(5) and (l).

12

Ramirez contends that he advised counsel for Defendants and the trial court that he was too sick to attend trial. However, no such evidence appears in the record and Ramirez fails to cite to the record to support his claim. Ramirez also contends that a motion for failure to prosecute requires a 45-day noticed motion. He provides no further argument supporting this claim. " 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146.) Failure to provide such legal analysis forfeits the claim on appeal. (*Ibid*.) Nonetheless, the trial court had authority to dismiss without notice based on his failure to appear at trial under section 581, subdivisions (b)(5) and (l).

Ramirez additionally claims that six defendants never responded to the SAC and that the case was not ready to proceed to trial. Ramirez also fails to provide any legal authority to support his claim. He further fails to provide any proper record citations to support that they were properly served and failed to respond to the SAC. He merely concludes because he made such argument to the trial court, it abused its discretion by dismissing the case as the case was not ready for trial. Ramirez's failure to provide any legal authority or analysis forfeits the claim on appeal. (*United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 146.)

Finally, Ramirez makes other claims that the trial court failed to grant his request for change of venue, and that the trial court erred by imposing the evidentiary sanction after he refused to participate in the IME. These claims are not cognizable on appeal

13

from the order dismissing the action based on his failure to appear and will not be considered. We reject Ramirez's additional claims.

## DISPOSITION

The order dismissing the matter with prejudice is reversed and the case is remanded to the trial court with directions to enter an order dismissing the action without prejudice. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.