Filed 10/28/21  Steele v. Mutt McGrew CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DELBERT CHARLES STEELE, Plaintiff and Appellant, v. MUTT MCGREW, INC., Defendant and Respondent. | G058827 (Super. Ct. No. 30-2019-01048775) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Charles Margines, Judge.  Affirmed.  Appellant's request for judicial notice granted in part.  Respondent's request for judicial notice denied.

Delbert Charles Steele, in pro. per., for Plaintiff and Appellant.

Freeman Mathis & Gary, Stephen M. Caine and Marie E. Colmey for Defendant and Respondent.

\*          \*          \*

Delbert Charles Steele appeals from the trial court's dismissal of his lawsuit for failure to prosecute it. Steele failed to appear at the case management conference (CMC) in October 2019. He likewise failed to appear at the court's order to show cause re: sanctions/dismissal hearing (OSC) on December 3, 2019. Due to Steele's failure to prosecute his case, the trial court ordered the action dismissed in an unsigned minute order. Steele filed his notice of appeal on February 4, 2020. Before he appealed, Steele failed to file a motion to vacate the judgment or otherwise present evidence to the trial court to support his claim that he was incarcerated between August 15, 2019 and December 8, 2019. He now asks this court to take judicial notice of his custodial status in 2019.

Two principles govern this appeal. First, while Steele is self-represented, "[a] self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) Second, appellate courts "generally cannot consider evidence not contained in the record before the trial court." (*Creed-21 v. City of San Diego* (2015) 234 Cal.App.4th 488, 522.) Thus, "[r]eviewing courts generally do not take judicial notice of evidence not presented to the trial court." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) In light of these principles, we deny in part Steele's request for judicial notice,[1] and find no basis to overturn the trial court's entry of dismissal. We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2019, Steele filed a first amended complaint against a Newport Beach restaurant and bar, Mutt McGrew, Inc., dba Mutt Lynch's, and various Doe defendants arising from a fight and his ejection from the establishment. Steele asserted

---

[1] We grant Steele's request for judicial notice of his first amended complaint. (Evid. Code, §§ 452, subd. (d)(1), 459 [judicial notice of court records].)

2

causes of action for assault, battery, and slander or defamation. According to the complaint, Steele was "sitting on a bar stool" at Mutt Lynch's when, around 1:25 a.m. on April 15, 2017, he was "blind-sided on the right with a hard punch" by an unidentified assailant (Doe 3). Steele was then tackled and subjected to a choke hold by a bar employee (Doe 1), while another bar employee (Doe 2) "wrench[ed] on" Steele's finger, breaking it.

According to Steele's complaint, Doe 1 "continued to apply unnecessary pressure for at least 7 minutes until police arrived[,] who then escorted plaintiff outside where he was questioned and arrested for starting a fight and [on] a charge of [being] drunk in public . . . ." According to Steele, the police "chose to side with the management of the bar without ever viewing the video which at that point had still been available—ultimately the exculpatory video evidence was never produced and the ensuing criminal charges rightly dismissed." Steele asserted defendants "with malice did destroy [the] exculpatory video surveillance evidence" and, on that basis, Steele sought compensation for "damage to [his] reputation and embarrassment from lies and cover-up."

At an initial CMC in May 2019, Steele appeared and obtained an extension of time to attempt to serve defendants. In July 2019, he requested another extension to seek a default judgment against unspecified defendants as well as a continuance of a then-pending CMC scheduled in August because he had to "appear in court in another county" on the scheduled date. The extension was granted; Steele sought another continuance in August because his server "mistakenly served the wrong documents per plaintiff's instructions." The trial court extended Steele's deadline to serve his pleadings until September 19, 2019 and set the next CMC for October 28, 2019.

Steele failed to appear at the CMC or the ensuing OSC dismissal hearing. The trial court then dismissed the case in an unsigned minute order on December 3, 2019.

3

**DISCUSSION**

As a preliminary matter, we observe that although Steele filed his notice of appeal on February 4, 2020, beyond the 60 days ordinarily allotted to file an appeal (Cal. Rules of Court, rule 8.104), dismissal requires a signed order to constitute a judgment. (Code Civ. Proc., § 581d.) Steele complied with our order to file a signed order of dismissal, which the trial court entered on March 4, 2020, and, as noted by our earlier order, we treated Steele's premature notice of appeal as taking effect that date.

We note that a premature appeal does not divest the trial court of jurisdiction, as it is only a "perfect[ed]" appeal that stays proceedings in the trial court. (Code Civ. Proc., § 916, subd (a); *Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 360.) Steele therefore had until March 4, 2020, to apprise the trial court of any new information to warrant reconsidering its dismissal or otherwise to vacate the judgment. He did not do so.

We next turn to Steele's request for judicial notice in this court. On December 3, 2020—exactly one year after the trial court entered its minute order dismissing Steele's case, and almost 10 months after Steele filed his notice of appeal—he submitted a motion for judicial notice on appeal. In his request, Steele states that he was "locked-up . . . between Los Angeles and Riverside county jails from August 15, 2019 and December 8, 2019." In his opening brief, he explains that he was jailed during this period after being arrested for "an unrelated incident" involving "a gun wielding assailant" against whom Steele "was again forced to defend[] himself." This was apparently "unrelated" to the incident he alleged occurred at Mutt Lynch's back in April 2017.

Steele attaches to his motion for judicial notice what appears to be a printout of a Los Angeles County Sheriff's Department Web page that states, "Welcome to [the] Inmate Information Center." The printout gives August 15, 2019, as the "Arrest Date" for Delbert Steele with a release date of November 22, 2019, specifying that the

4

"Release Reason" was "CUSTODY RELEASE" and listing "Riverside Sheriff Warrant" in a field entitled, "Release Agency: RSW Agency Description." Steele's motion states that "Riverside's printout could not be produced but will show an ultimate release date of 12/07/2019, after transfer from Los Angeles on November 22, 2019."

Respondent opposed Steele's request for judicial notice of the Los Angeles printout on multiple grounds including lack of authentication, but we decline to grant judicial notice for a simpler reason. The printout does not change the fact that Steele had the wherewithal to file his notice of appeal on February 4, 2020, more than two months after the trial court's purported dismissal of his appeal by a minute order on December 3, 2019, and almost two months after his apparent release from a Riverside jail on December 7th or 8th of that year. Steele did not at any time during the three months between the trial court's December 3 dismissal order and the March 4 perfection of Steele's appeal attempt to apprise the trial court of any alleged new facts bearing on the dismissal.

Steele invokes in his request for judicial notice the date of March 20, 2020, "when local emergency orders and State Emergency Rule 9 went into effect due to COVID-19." We are aware of the superior court's modified operations beginning around that date and continuing for two succeeding months, as well as the closure of other public facilities during the pandemic, including public libraries where—as Steele says— homeless individuals are sometimes able to gain Internet access. But these closures were well after Steele had already filed his appeal and therefore have no bearing on the fact that he made no attempt to provide the trial court with an opportunity to address and consider his alleged circumstances.

The same is true regarding Steele's contention in his request for judicial notice filed in this court that he could not invoke the aid or consideration of the trial court "post-release . . . due to homelessness, lack of access to mail, electricity, phone and finances (credit card or funds)." Yet, as reflected in the "Notice of Ruling" in the record

5

below, Steele was notified of the trial court's December 3 dismissal order by mail at his address in Lancaster, which is presumably how he knew to file his notice of appeal of the dismissal. Although he took the time to file an appeal, Steele did not raise the issue in the trial court to give it a chance to consider his alleged circumstances, develop or test the facts as might be appropriate, or craft any discretionary relief.

We review a trial court's dismissal of a civil action for abuse of discretion. (*Link v. Cater* (1998) 60 Cal.App.4th 1315, 1321.) Penal Code section 2601, subdivision (d), authorizes imprisoned persons to prosecute civil actions while incarcerated. Steele claims he was unable to seek relief pursuant to that section because of improper custodial restrictions. But the relevant period here is *after* Steele's release from custody when, for a period of three months during which he went to court to file his appeal, he did not alert the trial court of his issues. On this record, we can find no abuse of discretion that would support reversal of the trial court's dismissal.[2]

---

[2] We deny as moot respondent's motion for judicial notice of the superior court's pandemic-related operating rules, and of local rules concerning telephonic appearances—including for incarcerated persons.

**DISPOSITION**

The trial court's dismissal of Steele's lawsuit is affirmed. Respondent is entitled to its costs on appeal.


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.